MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
BORIS ORLOV
Counsel for Wage and Hour
ANDREW M. KATZ (CSBN 350024)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone:  213-894-3950
Parekh.nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br><br>          v.<br><br>THE EXCLUSIVE POULTRY, INC., a California corporation; MEZA POULTRY LLC, a California limited liability company; VALTIERRA POULTRY LLC, a California limited liability company; SULLON POULTRY INC., a California corporation; NOLLUS'S POULTRY LLC, a California limited liability company; TONY ELVIS BRAN,  individuals and managing agents of the Corporate Defendants; KAREN RIOS and JUAN VALTIERRA, individuals and managing agents of Corporate Defendant Valtierra Poultry LLC; FRANCISCO JAVIER | Case No. [Case Number]<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT**<br><br>Date:        n/a<br>Time:        n/a<br>Judge: |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEZA and JACQUELINE GARCIA, individuals and managing agents of Corporate Defendant Meza Poultry LLC; JAVIER SULLON, an individual and managing agent of Corporate Defendants Sullon Poultry Inc. and Nollus's Poultry LLC,

                                    Defendants.

## **INTRODUCTION**

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Secretary") brings this case to remedy Defendants' blatant violations of federal law prohibiting oppressive child labor and protecting the lawfully earned wages of Defendants' employees.  Defendants Tony Elvis Bran ("Tony Bran") and The Exclusive Poultry Inc. operate two poultry processing plants in Los Angeles County that debone and cut chicken for human consumption, which Defendants then distribute to customers.  Defendants Tony Bran and The Exclusive Poultry Inc. established Defendants Karen Rios, Juan Valtierra, Jacqueline Garcia, Francisco Javier Meza, and Javier Sullon as owners and managers of Corporate Defendants Valtierra Poultry LLC, Meza Poultry LLC, Sullon Poultry Inc., and Nollus's Poultry LLC.

Defendants Tony Bran, Karen Rios, Juan Valtierra, Javier Meza, Jacqueline Garcia, The Exclusive Poultry Inc., Valtierra Poultry LLC, and Meza Poultry LLC ("Operating Defendants") willfully violate federal child labor protections by directing employees younger than 18 to work excessive hours and to engage in the hazardous occupations of deboning poultry in meat coolers and using power driven machinery to lift pallets of poultry; and, by directing employees younger than 16 to work in the facilities, which is entirely prohibited. Defendants deprive employees of earned overtime pay and attempt to hide their willful safety and wage violations by threatening employees from cooperating with the U.S. Department of Labor. Defendants' actions harm not only their own employees but also law-abiding employers who face unfair competition in the marketplace by Defendants' illegal activity.  Under the FLSA, the poultry products are "hot goods" that must not be introduced into commerce.  When in operation, Defendants Javier Sullon and Corporate Defendants Sullon Poultry Inc. and Nollus's Poultry LLC ("Non-Operating Defendants") willfully violated federal child labor protections and federal wage protections in the same manner described herein.

1    The Acting Secretary thus brings this case to rectify Defendants' actions

2    with respect to their employees, competitors, and the significant public interests at

3    stake.

4                        **NATURE OF THE ACTION**

5          1.     The Acting Secretary brings this action under Section 17 of the Fair

6    Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*, to enjoin

7    Defendants from violating the provisions of Sections 3(m), 6, 7, 11(a), 11(c), 12,

8    and 15(a)(1)-(5) of the FLSA, 29 U.S.C. §§ 203(m), 206, 207, 211(a), 211(c), 212,

9    215(a)(1)-(5).

10         2.     The Acting Secretary also brings this action under Section 16(c) of the

11   FLSA, 29 U.S.C. § 216(c), to recover unpaid minimum and overtime wages owed

12   under the FLSA, beginning August 1, 2020, and ongoing, to Defendants'

13   employees, including those listed by name on the attached Exhibit A to this

14   Complaint, together with an equal amount as liquidated damages.

15                      **JURISDICTION AND VENUE**

16         3.     This Court has subject matter jurisdiction of this action under Sections

17   16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. This Court also has subject matter

18   jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C.

19   § 1345 (United States as plaintiff).

20         4.     Venue lies in the United States District Court for the Central District

21   of California, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the

22   claims in this enforcement action occurred within this District.

23                             **PARTIES**

24   **Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor**

25         5.     The Acting Secretary is charged with enforcing the FLSA to eliminate

26   "labor conditions detrimental to the maintenance of the minimum standard of

27   living necessary for health, efficiency, and general well-being of workers[.]" 29

28   U.S.C. § 202(a).  In bringing actions under the FLSA, the Acting Secretary

represents not only the interest of the individual employees affected by an employer's violations of the law, but also the public interest, including the interests of employers whose ability to compete in compliance with the law is harmed by employers who flout minimum standards.

## Defendant Tony Elvis Bran

6.    Defendant Tony Elvis Bran, an individual, resides in Los Angeles County, California.  At all relevant times he is the principal individual responsible for controlling, managing, and financing all the Corporate Defendants, which include The Exclusive Poultry Inc., Valtierra Poultry LLC, Meza Poultry LLC, Sullon Poultry Inc., and Nollus's Poultry LLC.  At all relevant times, Defendant Tony Elvis Bran acted directly and indirectly in the interests of these Corporate Defendants in relation to their employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and supervising, directing, and disciplining employees.

7.    Defendant Tony Elvis Bran is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

8.    The claims against Defendant Tony Elvis Bran in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

## Defendants Karen Rios and Juan Valtierra

9.    Defendants Karen Rios and Juan Valtierra, individuals, reside in Los Angeles County, California.  At all relevant times these Defendants have been the owners of and responsible for the management of Corporate Defendant Valtierra Poultry LLC.  At all relevant times, Defendants Karen Rios and Juan Valtierra acted directly and indirectly in the interests of Valtierra Poultry LLC in relation to their employees, including determining employment practices, hiring, and firing

employees, setting, and negotiating wages, and supervising, directing, and disciplining employees.

10.    Defendants Karen Rios and Juan Valtierra are each individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to their employees, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

11.    The claims against Defendants Karen Rios and Juan Valtierra in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

### Defendants Jacqueline Garcia and Francisco Javier Meza

12.    Defendants Jacqueline Garcia and Francisco Javier Meza, individuals, reside in Los Angeles County, California. At all relevant times these Defendants have been the owners of and responsible for the management of Corporate Defendant Meza Poultry LLC.  At all relevant times, Defendants Jacqueline Garcia and Francisco Javier Meza acted directly and indirectly in the interests of Meza Poultry LLC in relation to their employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and supervising, directing, and disciplining employees.

13.    Defendants Jacqueline Garcia and Francisco Javier Meza are each individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to their employees, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

14.    The claims against Defendants Jacqueline Garcia and Francisco Javier Meza in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

/////

**Defendant Javier Sullon**

15.    Defendant Javier Sullon, an individual, resides in Los Angeles County, California.  At all relevant times Defendant Javier Sullon has been the owner of and responsible for the management of Corporate Defendants Sullon Poultry Inc. and Nollus's Poultry LLC.  At all relevant times, Defendant Javier Sullon acted directly and indirectly in the interests of Sullon Poultry Inc. and Nollus's Poultry LLC in relation to Defendants' employees, including determining employment practices, hiring, and firing employees, setting, and negotiating wages, and supervising, directing, and disciplining employees.

16.    Defendant Javier Sullon is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for back wages and liquidated damages owed to his employees, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

17.    The claims against Defendant Javier Sullon in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

**Defendant The Exclusive Poultry Inc.**

18.    Defendant The Exclusive Poultry Inc. is a California corporation with a principal office address at 15268 Proctor Ave., Suite A, City of Industry, CA 91745, and a secondary business address at 218 S. 8th Ave., La Puente, CA 91746. Defendant The Exclusive Poultry Inc. operates two poultry processing locations at its two business addresses.  Defendant employs employees who cut and debone poultry, package, move, and transport poultry, and clean the facilities.

19.    At all times relevant, Defendant The Exclusive Poultry Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

/////

/////

### Defendant Valtierra Poultry LLC

20.     Defendant Valtierra Poultry LLC is a California limited liability company with a principal office address at 218 S. 8th Ave., La Puente, CA 91746. Defendant Valtierra Poultry LLC operates a poultry processing business that employs employees who cut, debone, and package poultry, and clean the facilities. Defendant Valtierra Poultry LLC only processes poultry for Defendant The Exclusive Poultry Inc.

21.     At all times relevant, Defendant Valtierra Poultry LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant Meza Poultry LLC

22.     Defendant Meza Poultry LLC is a California limited liability company with a principal office address at 15268 Proctor Ave., Suite A, City of Industry, CA 91745.  Defendant Meza Poultry LLC operates a poultry processing business that employs employees who cut, debone, and package poultry, and clean the facilities.  Defendant Meza Poultry LLC only processes poultry for Defendant The Exclusive Poultry Inc.

23.     At all times relevant, Defendant Meza Poultry LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant Nollus's Poultry LLC

24.     Defendant Nollus's Poultry LLC is no longer operating; however, it operated within the relevant period as a California limited liability company with a principal office address at 218 S. 8th Ave., La Puente, CA 91746.  Defendant Nollus's Poultry LLC operated a poultry processing business that employed employees who cut, debone, and package poultry, and clean the facilities.

Defendant Nollus's Poultry LLC only processed poultry for Defendant The Exclusive Poultry Inc.

25.    At all times relevant, Defendant Nollus's Poultry LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant Sullon Poultry Inc.

26.    Defendant Sullon Poultry Inc. is no longer operating; however, it operated within the relevant period as a California limited liability company with a principal office address at 218 S. 8th Ave., La Puente, CA 91746.  Defendant Sullon Poultry Inc. operated a poultry processing business that employed employees who cut, debone, and package poultry, and clean the facilities.  Sullon Poultry Inc. only processed poultry for Defendant The Exclusive Poultry Inc.

27.    At all times relevant, Defendant Sullon Poultry Inc. is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### **Defendants are a Single Enterprise Covered by the FLSA**

28.    At all relevant times, Defendant Tony Elvis Bran owned, operated, and controlled The Exclusive Poultry Inc. and directed non-parties Olinda Deniese Bran, Priscilla Helen Castillo, and John ("Jhon") Paul Bran Jr.; and Defendants Karen Rios, Juan Valtierra, Jacqueline Garcia, Francisco Javier Meza, Javier Sullon, Valtierra Poultry LLC, Meza Poultry LLC, Nollus's Poultry LLC, and Sullon Poultry Inc. to act directly or indirectly in the interests of The Exclusive Poultry Inc., for the common business purpose of deboning, cutting, and packaging poultry in Los Angeles County for distribution in Los Angeles County and beyond.

29.    Defendants' poultry processing facilities are located at:

A.    218 S. 8th Ave., La Puente, CA 91746

B.    15268 Proctor Ave., City of Industry, CA 91745

30.    As a result, Defendants The Exclusive Poultry, Inc., Meza Poultry LLC, Valtierra Poultry LLC, Sullon Poultry Inc., and Nollus's Poultry LLC are and have been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

31.    At all relevant times, two or more employees of corporate Defendants have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

32.    At all relevant times, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

33.    As a result, Defendants' employees are and at all relevant times have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### Defendants Have Engaged in Oppressive Child Labor

34.    Operating Defendants employ one or more minors under the age of eighteen at their poultry processing facilities.  Operating Defendants employ minor children under the age of eighteen in hazardous occupations, in violation of Section 12 of the FLSA, 29 U.S.C. § 212, in the manners set forth below.  When in business, Non-Operating Defendants also employed minor children under the age of eighteen in hazardous occupations, in violation of Section 12 of the FLSA, 29 U.S.C. § 212, in the manners set forth below.

/////

/////

35.    Operating Defendants currently employ and Non-Operating Defendants employed minors under the ages of 16 and direct such minors to do the following:

A.    Work in excess of 18 hours a week when school is in session;

B.    Work in excess of three hours in any one day when school is in session;

C.    Work in excess of 8 hours in any one day when school is not in session;

D.    Work after 7 p.m. on workdays between Labor Day and June 1st;

E.    Use sharp knives that they are required to keep as sharp as possible to debone poultry; and

F.    Process poultry and work in freezers and meat coolers.

36.    Defendants employ or employed minors under the age of 18 and direct such minors to do the following:

A.    Use sharp knives that they are required to keep as sharp as possible to debone poultry; and

B.    Use power-driven machinery to lift pallets of poultry.

37.    As a result of Defendants employment of the minors in hazardous occupations, including the use of sharp knives to debone and cut poultry, minors have suffered injuries such as cuts to their hands and arms, resulting in scarring and loss of blood.

**All Defendants Failed to Pay Required Wages and Maintain Accurate Records of Hours Worked and Wages Paid**

38.    Defendants' employees that debone and cut poultry are paid on for the number of boxes of poultry they cut.  They are required to spend up to four hours per week waiting for poultry shipments to arrive so they can start working and are not compensated for this time.  They are not compensated for time they spend

donning and doffing required safety and sanitation equipment each day. They are not compensated for time they spend sharpening their knives for work each day. They are often made to wait at the worksite for their pay upon threat of termination and are not compensated for this work time.

39. Defendants' employees that pack, load, unload, and move pallets and boxes of poultry are paid at a rate that approximates the prevailing minimum wage. Defendants' packer employees work longer hours than the deboning employees because they have to unload poultry in need of processing from the delivery trucks at the beginning of the day and pack and load the processed boxes of poultry at the end of the day.

40. Defendants' employees arrive at the worksite around 5:00 am and work until 2:00 pm or later between Monday and Friday and arrive around 5:00 am on Saturday mornings and work until 12:00 pm or later.

41. Defendants' employees work up to six days per week, every week, and routinely work more than 40 hours in a workweek. In every workweek for which employees worked overtime, Defendants failed to pay the required overtime premium for hours worked.

42. Defendants do not maintain consistent or accurate records of the hours that their employees work or of the rates they are paid. Defendants at times pay employees in cash and at other times pay employees by check, but do not maintain consistent or accurate records of payments made to employees.

43. On August 26, 2022, Defendant Javier Sullon left without paying employees for approximately four weeks of work. Employees have not been compensated in any form for these unpaid hours.

44. Defendants continue their practices of underpaying their employees and failing to maintain accurate records of hours worked and wages paid.

/////

/////

**Operating Defendants interfered with the Acting Secretary's investigation and retaliated against employees for asserting rights under the FLSA.**

45.    The U.S. Department of Labor, Wage and Hour Division ("WHD") Wage and Hour Investigators ("WHIs") have been informed through their investigation that Operating Defendants have hidden minor workers from the WHIs by, *inter alia*, hiding the minors in bathrooms and closets when WHIs come on site to conduct investigative work, and by sending minors out the back door.

46.    Operating Defendants have refused to produce basic documents or information to WHD, including general ledgers, corporate tax records, and a complete set of employees' hours worked and time records.

47.    Operating Defendants The Exclusive Poultry Inc., Meza Poultry LLC, Valtierra Poultry LLC, Tony Elvis Bran, Karen Rios, and Javier Meza have refused to allow the WHIs to enter the poultry processing facilities to conduct investigative work and speak to employees.

48.    Operating Defendant Tony Elvis Bran has told employees that he was going to reduce their pay because he believed they had spoken with Department of Labor representatives and has told minor employees that the Department of Labor is looking to deport them so they should not speak to Department of Labor officials.

## Operating Defendants Have Shipped Hot Goods

49.    Operating Defendants have employed minor employees to debone and process poultry.  Operating Defendants have failed to pay these minor employees and other employees that have deboned, processed, packaged, or handled poultry what they are owed under the minimum wage and overtime provisions of the FLSA.  Operating Defendants' employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

/////

50.    Operating Defendants have shipped, delivered, transported, or sold poultry processed by minors working in violation of the FLSA's child labor provisions into commerce.  Operating Defendants have shipped, delivered, or sold poultry processed by employees who have not been paid according to the FLSA's minimum wage and overtime provisions into commerce. Defendants knew that these goods would be shipped and sold to their customers but failed to take any action to ensure that these goods were made in compliance with the FLSA.

51.    As a result of Operating Defendants' violations of the FLSA and obstruction of the DOL's investigation, Operating Defendants have accrued substantial ill-gotten gains reaped from the labor of workers who were not paid the minimum wage or overtime required by the FLSA or working in violation of the FLSA's child labor provisions.  The shipment, sale, transport, or otherwise placement of these "hot goods" in commerce would violate the provisions of Section 15(a)(1) of the Act.

## CLAIMS FOR RELIEF

### First Claim For Relief

### Minimum Wage Violations

52.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

53.    Defendants Tony Bran, Javier Sullon, The Exclusive Poultry Inc., Sullon Poultry Inc., and Nollus's Poultry LLC have willfully violated provisions of Sections 3(m), 6, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 203(m), 206, and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, wages at rates not less than the federal minimum wage.

54.    Defendants Tony Bran, Javier Sullon, The Exclusive Poultry Inc., Sullon Poultry Inc., and Nollus's Poultry LLC have willfully violated the minimum

wage provisions Section 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2) as they knew or should have known the FLSA's minimum wage requirements but employed workers without properly compensating them.

### Second Claim For Relief

### Overtime Violations

55.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

56.    Defendants willfully violated and continue to violate the provisions of Sections 3(m), 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 203(m), 207, and 215(a)(2), by failing to pay its employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek that should have been compensated at time-and-a-half the regular rate.

57.    At all relevant times, Defendants have willfully violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

### Third Claim For Relief

### Recordkeeping Violations

58.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

59.    Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed

by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

60.     At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified records of employees' hours worked, and wages paid.

### Fourth Claim For Relief
### Interference with FLSA Rights

61.     The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

62.     Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things "any person" from "discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

63.     Defendants The Exclusive Poultry Inc., Meza Poultry LLC, Valtierra Poultry LLC, Tony Elvis Bran, Francisco Javier Meza, and Karen Rios have willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against employees, including by intimidating and attempting to intimidate employees not to cooperate with the Acting Secretary's investigation nor complain about wages, and otherwise interfering with employees' ability to exercise their rights under the FLSA.

### Fifth Claim for Relief
### Obstructing the Acting Secretary's Investigation

64.     The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

65.     Operating Defendants have violated and continue to violate the provisions of Section 11(a) of the FLSA, 29 U.S.C. § 211(a), by obstructing the Acting Secretary's investigation of Operating Defendants' compliance with the FLSA by, among other things, providing incomplete and inaccurate records to the Acting Secretary, directing employees not to speak to the Acting Secretary, and otherwise deterring them from cooperating in the Acting Secretary's investigation through threats and intimidation.

66.     At all relevant times, Operating Defendants have willfully violated Section 11(a), 29 U.S.C. § 211(a). Operating Defendants have interfered with and impeded the ability of the employees and the Acting Secretary to detect, identify, and have notice of the underpayments of minimum and overtime wages due and oppressive child labor.

## Sixth Claim For Relief

### Oppressive Child Labor

67.     The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

68.     Operating Defendants willfully violate Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

69.     When in business, Non-Operating Defendants willfully violated Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), by employing minor children in occupations, for periods, and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce.

70.     At all relevant times, Defendants have employed minor children under the age of 16 of age and suffered or permitted them to work: more than three (3)

hours on school days; more than eighteen (18) hours in a week when school is in session; and past 7:00 p.m. on workdays between Labor Day and June 1st. Defendants' employment of minor children under the conditions alleged violates 29 C.F.R. § 570.35(a) and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

71.     At all relevant times, Defendants have employed minor children 14 and 15 years of age in hazardous occupations and suffered or permitted them to debone poultry inside of meat coolers and freezers, in violation of 29 C.F.R. § 570.33(i). Defendants' employment of these children constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

72.     At all relevant times, Defendants have employed minor children under 18 years of age and suffered or permitted them to debone poultry and to use power-driven machinery to lift pallets of poultry. Defendants employed these minor children in a prohibited occupation for minors, in violation of 29 CFR § 570.58 and 29 C.F.R. § 570.61. Defendants' employment of these children violated Hazardous Occupation Orders for Nonagricultural Employment in Subpart E of Part 570 of Title 29 of the Code of Federal Regulations and constitutes oppressive child labor within the meaning of Section 12(c), 29 U.S.C. § 212(c).

## Seventh Claim For Relief

## Hot Goods

73.     Operating Defendants have violated Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), by transporting, offering for transportation, shipping, delivering, or selling in commerce, or shipping, delivering, or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which Defendants' employees were not paid the minimum wage and overtime required by FLSA.

74.     Operating Defendants have violated Section 12(a) of the FLSA, 29 U.S.C. § 212(a), by transporting, offering for transportation, shipping, delivering,

or selling in commerce, or shipping, delivering, or selling with knowledge that shipment or delivery or sale in commerce was intended, goods produced by child labor in violation of the FLSA.

75.    Operating Defendants' violations of the hot goods provisions of the FLSA are willful and continuing. Defendants knowingly continue to sell goods into commerce which were produced by minors working in violation of the FLSA, and by workers not paid minimum and overtime wages.

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A.    For an Order:

1.    Under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA including: Sections 3(m), 6, 7, 15(a)(1), and 15(a)(2) of the FLSA, 29 U.S.C. §§ 203(m), 206, 207, 215(a)(1), 215(a)(2); Sections 11(a), 11(c), 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(a), 211(c) and 215(a)(5); Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3); and Section 12 and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212 and 215(a)(4).

2.    Awarding compensatory damages to minors who have suffered injuries and other losses due to Defendants employment of them in violation of the FLSA's child labor prohibitions under Section Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4).

3.    Awarding punitive damages for Defendants' retaliation against certain current and former employees in violation of Section

15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

B.    For an Order:

    1.    Under Section 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including minimum and overtime, from at least August 1, 2020, through the date of trial to all Defendants' employees including the employees listed in attached Exhibit A and other employees not presently known to the Acting Secretary, and an additional equal amount as liquidated damages; or

    2.    In the event liquidated damages are not awarded, under Section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due from at least August 1, 2020, through date of trial to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

C.    For an Order directing Defendants to read out loud to employees, provide to new employees upon hire, and post in a highly visible location such as an employee breakroom, the curative Notice of Rights, attached hereto as Exhibit B, within six weeks of any injunction, judgment, or order in this action, and this lawsuit;

D.    For an Order requiring Defendants to permit WHD, or an organization appointed by WHD, to provide know-your-rights trainings to Defendants' employees within six months of any injunction, judgment, or order in this action, and this lawsuit;

E.    For an Order requiring all individual Defendants to obtain third party training on the FLSA's minimum wage, overtime, child labor, anti-

retaliation, and recordkeeping provisions within six months of any injunction, judgment, or order in this action, and this lawsuit;

F.    For an Order requiring Defendants to hire a third-party auditor to review its employee timekeeping and payroll policies and practices, author a report detailing the status of Defendants' compliance with the FLSA, and for Defendants to provide a copy of the auditor's report to WHD, within twelve months of any injunction, judgment, or order in this action, and this lawsuit;

A.    For an Order providing such further legal and equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Acting Secretary due to Defendants' actions to confuse the workers as to their rights under the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and failure;

B.    For an Order awarding the Acting Secretary the costs of this action; and

C.    For an Order awarding the Acting Secretary any other relief that the Court deems necessary and appropriate.


Dated: September 29, 2023              Respectfully submitted,


                                       SEEMA NANDA
                                       Solicitor of Labor

                                       MARC A. PILOTIN
                                       Regional Solicitor

                                       BORIS ORLOV
                                       ANDREW J. SCHULTZ

Counsels for Wage and Hour

ANDREW M. KATZ
Senior Trial Attorney


 */s/ Nisha Parekh*

NISHA PAREKH
Trial Attorney

# EXHIBIT A

| FIRST NAME | LAST NAME |
| --- | --- |
| Marvin | Alfredo Coc Cuc |
| Armando | Alvarado |
| Jose | Argueta |
| Ricardo | Armando |
| Yolanda | Bernal Vasquez |
| Manuel | Bonilla |
| Axel | Caal |
| Carmen | Caal |
| Cristobal | Caal |
| Eduardo | Caal |
| Eliseo | Caal |
| Herlinda | Caal |
| Joel | Caal |
| Luis | Caal |
| Mariano | Caal |
| Mario | Caal |
| Oliverio | Caal |
| Rolando | Caal |
| Vicente | Caal |
| William | Caal |
| Ramiro | Cabral Sanchez |
| Edin | Cac |
| Carlos | Camey |
| Oscar | Carillo |
| Laura | Casahuamam |

| | | |
|---|---|---|
| 1 | Araceli | Castaneda |
| 2 | Keylin | Castro |
| 3 | Edwin | Chan |
| 4 | Francisco P | Chan |
| 5 | Paul | Chang |
| 6 | Alma | Chavez |
| 7 | Fabian | Choc |
| 8 | Francisco | Choc |
| 9 | Jose | Choc |
| 10 | Marco | Choc |
| 11 | Melvin | Choc |
| 12 | Pablo | Choc |
| 13 | Rene | Choc |
| 14 | Sofia | Choc |
| 15 | Marcos | Chocaj |
| 16 | Dona | Chuy |
| 17 | Herlinda | Coal |
| 18 | Odelia | Coal |
| 19 | Ruben | Coal |
| 20 | Alex | Coc |
| 21 | Isaias | Coc |
| 22 | Mario | Coc |
| 23 | Melvin | Coc |
| 24 | Pablo | Coc |
| 25 | Cocho | Cocho |
| 26 | Margarita Corrales | Corrales |
| 27 | Maria | Cotoom |
| 28 | Abel | Coy |

| | | |
|---|---|---|
| 1 | Axel | Coy |
| 2 | Cesar | Coy |
| 3 | Manuel | Coy |
| 4 | Pedro | Coy |
| 5 | Carlos | Cuc |
| 6 | Cesar | Cuc |
| 7 | Eduardo | Cuc |
| 8 | Joselyn | Cuc |
| 9 | Juanito | Cuc |
| 10 | Maria | Cuc |
| 11 | Santos | Cuc |
| 12 | Vicente | Cuc |
| 13 | Angelica | Cucu |
| 14 | Marleny | Cucul |
| 15 | Edy | Diaz |
| 16 | Ibram | Dominguez |
| 17 | Mario | Dominguez |
| 18 | Maria | Elena Perez |
| 19 | Oscar | Emilio Paxci |
| 20 | Meliton | Espinoza |
| 21 | Arturo | Flores |
| 22 | Jose | Garcia |
| 23 | Jose | Garcia |
| 24 | Marina | Garcia |
| 25 | Sergio | Gerardo |
| 26 | Eduardo | Gerdo |
| 27 | Eduardo | German Quexica |
| 28 | Ricky | Gomez |

| | | |
|---|---|---|
| 1 | Angel | Gonzalez |
| 2 | El | Gordo |
| 3 | Ruperto | Granados |
| 4 | Jose Antonio | Gudino Romero |
| 5 | Sergio | Hernandez |
| 6 | Carlos | Huchuc |
| 7 | Alvaro | Icaal |
| 8 | Marvin | Icaal |
| 9 | Alvaro | Ical |
| 10 | Angel | Ical |
| 11 | Hector | Ical |
| 12 | Miguel Angel | Ical |
| 13 | Ramiro | Ical |
| 14 | Selvine | Ical |
| 15 | Hector | Ich |
| 16 | Cristina | Icl |
| 17 | Obi | Icul |
| 18 | Agustin | Ignacio |
| 19 | Hugo Alfredo | Iquila |
| 20 | Alberto | Isaias Reynoso Larios |
| 21 | Marvin | Iscal |
| 22 | Jocelyn | Ituriaga Vergara |
| 23 | Angel | Ixim |
| 24 | Rogelio | Ixim |
| 25 | Jade Saira | Jarly |
| 26 | Maria | Jeronimo Tovar |
| 27 | | Orozco |
| 28 | Maria | Jesus |

| | | |
|---|---|---|
| 1 | Juan | Jose Garcia |
| 2 | Daniel | Larios |
| 3 | Manuel | Larios |
| 4 | Dany | Larios Reynoso |
| 5 | Manuel | Larios Xaper |
| 6 | Maribel | Lopez |
| 7 | Marlene | Lopez |
| 8 | Marleny | Lopez |
| 9 | Marisol | Lucas |
| 10 | Jose | Luis |
| 11 | Cristobal | Majia |
| 12 | Lucia | Majia |
| 13 | Sandra | Marroquin |
| 14 | Cristobal | Mejia |
| 15 | Edwin | Mejia |
| 16 | Paola | Mejia |
| 17 | Lucia | Mendez |
| 18 | Paola | Mendez |
| 19 | Susana | Merigual |
| 20 | Lety (Leticia) | Meza |
| 21 | Beni | Monvoy |
| 22 | Benit | Monvoy |
| 23 | Beny | Monvoy |
| 24 | Arturo | Moroy |
| 25 | Juan Carlos | Octaviano |
| 26 | Ernesto | Ordas |
| 27 | Ernesto | Ordiaz |
| 28 | Adan Adolfo | Paau Pop |

| | | |
|---|---|---|
| 1 | Vartolo | Palomares |
| 2 | Wilson | Pan |
| 3 | Emilio | Pap |
| 4 | Leidy | Pap |
| 5 | Emanuel | Parra |
| 6 | Emanuel | Parra Avila |
| 7 | Nelson | Pec |
| 8 | Rony | Pec |
| 9 | Armando | Pereval |
| 10 | Alberto | Perez |
| 11 | Beny | Perez |
| 12 | Brian | Perez |
| 13 | Elsa | Perez |
| 14 | Isaac | Perez |
| 15 | Manuel | Perez |
| 16 | Marta | Perez Cruz |
| 17 | Edgar | Putal |
| 18 | Edgar | Putul |
| 19 | Valentin | Ramirez |
| 20 | Julio | Ramos |
| 21 | Cristobal | Ranjel Mejia Portillo |
| 22 | Felix | Rax |
| 23 | Javier | Rax |
| 24 | Marco | Rax |
| 25 | Martin | Renteria |
| 26 | Ramiro | Reyes |
| 27 | Edwin | Reynoso |
| 28 | Jerson | Reynoso |

COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT

Case No. [Case Number]

| | | |
|---|---|---|
| 1 | Rafael | Reynoso |
| 2 | Tomas | Reynoso |
| 3 | Willy | Reynoso |
| 4 | Adamaris | Rios |
| 5 | Ventura | Rios |
| 6 | Raymundo | Rojo |
| 7 | Carlos | Rolando |
| 8 | Milsa | Romero |
| 9 | Marina | Ruiz |
| 10 | Juan | Saldana |
| 11 | Brigida | Sales |
| 12 | Juan | Samuel |
| 13 | Alba | Sanchez |
| 14 | Norberto | Sanchez |
| 15 | Paola | Sanchez |
| 16 | Ramiro | Sanchez |
| 17 | Hugo | Santana |
| 18 | Jorge | Saragozza |
| 19 | Cristina | Tec |
| 20 | Gaudencio | Tec |
| 21 | Hector | Tinoco |
| 22 | Armando | Tol |
| 23 | Arnoldo | Tol |
| 24 | Dario | Tol |
| 25 | | Tomas Larios |
| 26 | Oliver | Reynoso |
| 27 | Jorge | Torres |
| 28 | Gerardo | Tovar Venegas |

| | | |
|---|---|---|
| 1 | Maria Geronmino | Tover Orozco |
| 2 | Pedro | Tzib |
| 3 | Aguilillo | ULN |
| 4 | Alejandro | ULN |
| 5 | Ana | ULN |
| 6 | Angusto | ULN |
| 7 | Bentura | ULN |
| 8 | Chapa | ULN |
| 9 | Chapas | ULN |
| 10 | Christobal | ULN |
| 11 | Eddy | ULN |
| 12 | Elsa | ULN |
| 13 | Emily | ULN |
| 14 | Harlens | ULN |
| 15 | Jacqueline | ULN |
| 16 | Jefferson | ULN |
| 17 | Lorena | ULN |
| 18 | Marvin | ULN |
| 19 | Nereida | ULN |
| 20 | Ovi | ULN |
| 21 | Ricardo | ULN |
| 22 | Yamiled | ULN |
| 23 | Yulalp | ULN |
| 24 | Andrea | Valtierra |
| 25 | Jorge | Valtierra |
| 26 | Juan | Vargas |
| 27 | Julia | Vasquez |
| 28 | Arturo | Venegas |

| | |
|---|---|
| Arturo | Venegas |
| David | Venegas |
| Gerardo | Venegas |
| Jesus | Venegas |
| Luis | Venegas |
| Maritina | Venegas |
| Martina | Venegas |
| Alexander | Xol |
| Monica | Zaragosa |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

## <u>NOTICE TO EMPLOYEES OF YOUR RIGHTS UNDER THE FLSA</u>

There are state, local, and federal laws related to your workplace rights. The Department of Labor (DOL) enforces the Fair Labor Standards Act (FLSA).

<u>YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS</u>

- Under the FLSA, your employer must pay you:

  o 1) Federal minimum wage ($7.25 per hour) for all hours worked. (Your employer may owe you a higher minimum wage under California or local law.)

  o 2) Overtime pay if you work more than forty hours per week.

- You must be paid for all work you do for your employer. This might include: cutting chicken, throwing away garbage, moving chicken around the warehouse, cleaning your work station and work tools, sharpening your knives, wearing or removing required clothes and tools, waiting to count how many boxes of chicken you have cut, waiting for chicken to arrive if your employer instructs you to wait, and other activities your employer requires you to do.

- Your employer must correctly document and report each hour you work and all pay you receive.

- **It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL investigation, or spoke up about your workplace rights. It is illegal for your employer to take the following actions because you exercised your rights:**

  o Scream threats at you;

  o Reduce your work hours or your pay;

  o Fire you or fire any friends or relatives that work with you;

  o Refuse to pay you for all hours you work;

  o Refuse to hire you, or a relative or friend of yours;

  o Report you to the government for deportation;

  o Threaten you with legal problems or threaten to use their lawyer to harm you;

  o Make any other threat or take any harmful action against you.

- It is also illegal for anybody to make you sign a document in which you promise to tell a judge or any representative of the DOL false information about the hours you work, pay you receive, or anything else related to your FLSA rights. Any document you have signed promising to tell false information to a judge or anyone else has no legal value and cannot be used against you.

**If any of these actions occur, please immediately contact:**
**DOL Investigator Maria de la Rocha at (626) 732-1089**
**You can also contact the DOL hotline at (866) 487-9243**

## AVISO A LOS EMPLEADOS DE SUS DERECHOS BAJO LA FLSA

Existen leyes estatales, locales y federales relacionadas con sus derechos laborales.  El Departamento de Trabajo (DOL) hace cumplir La Ley de Normas Justos De Trabajo (FLSA en inglés).

### SU ESTATUS MIGRATORIO NO IMPORTA Y NO AFECTA SUS DERECHOS LABORALES.

- Según la FLSA, su empleador debe pagarle:

  o  Salario mínimo federal ($7.25 por hora) por todas las horas trabajadas.  (Su empleador puede deberle un salario mínimo más alto bajo la ley del estado de California o las leyes locales.)

  o  Pago de overtime por horas extras si trabaja más de cuarenta horas por semana.

- Se le debe pagar por todo el trabajo que haga para su empleador.  Esto podría incluir: cortar pollo, recoger huesos, mover pollo de un lugar a otro dentro de la planta, limpiar su estación de trabajo y su herramienta, filar sus cuchillos, ponerse o quitarse la ropa o la herramienta requerida para hacer su trabajo, esperar por contar el número de cajas cortadas, esperar por el pollo si su empleador le dice que tiene que esperar, y otras actividades que su empleador lo requiere hacer.

- Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

- **Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en una investigación del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

  o  Gritarle amenazas a usted;

  o  Reducir sus horas de trabajo o la cantidad que gana;

  o  Terminarlo o terminar a un colega o familiar que trabaja con usted;

  o  Negarse a pagarle por todas las horas que trabaja;

  o  Negarse a emplear a usted, o a un familiar suyo;

  o  Reportar al gobierno su deportación;

  o  Amenazarlo con problemas legales o amenazar con usar al abogado del empleador para hacerle daño;

  o  Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

- También es ilegal que alguien le obligue a firmar un documento en el que promete decirle a un juez o a cualquier representante del DOL información falsa sobre las horas que trabaja, el pago que recibe o cualquier otra cosa relacionada con sus derechos a la FLSA. Cualquier documento que haya firmado con la promesa de proporcionar información falsa a un juez o a cualquier otra persona no tiene valor legal y no puede usarse en su contra.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con:**

**DOL Investigadora Maria De La Rocha al (626) 732-1089**

**También puede comunicarse con el DOL al (866) 487-9243**