MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
KATHERINE E. CAMERON
BORIS ORLOV
Counsel for Wage and Hour
ANDREW M. KATZ (CSBN 350024)
Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone: 213-894-3950
Parekh.nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JULIE A. SU,
Acting Secretary of Labor, United States Department of Labor

Plaintiff,

v.

THE EXCLUSIVE POULTRY, INC., et al.,

Defendants.

Case No. 2:23-cv-08185

**PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

The United States Acting Secretary of Labor moves *ex parte* under Federal Rule of Civil Procedure 65 and Fair Labor Standards Act ("FLSA") Section 17, 29 U.S.C. § 217, for a Temporary Restraining Order and an Order for Defendants The Exclusive Poultry, Inc.; Meza Poultry LLC; Valtierra Poultry LLC; Tony Elvis Bran; Karen Rios; Juan Valtierra; Francisco Javier Meza; and Jacqueline Garcia to Show Cause why a Preliminary Injunction should not issue enjoining them as follows:

1. Defendants shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the Fair Labor Standards Act, and, in particular:

   a. Defendants shall not suffer or permit to work any person under the age of 16 years in violation of 29 C.F.R. § 570.35;[1]

   b. Defendants shall not suffer or permit to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.33, including but not limited to: work in freezers and meat coolers and all work in the preparation of meats for sale except as permitted by 29 C.F.R. § 570.34(j); and occupations that the Secretary of Labor, may, pursuant to section 3(l) of the Fair Labor Standards Act, find and declare to be hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being such as occupations in or about slaughtering and meat packing

[1] 29 C.F.R. § 570.35(a) provides, in relevant part:

[E]mployment in any of the permissible occupations to which this subpart is applicable shall be confined to the following periods:

(1) Outside of school hours;
(2) Not more than 40 hours in any 1 week when school is not in session;
(3) Not more than 18 hours in any 1 week when school is in session;
(4) Not more than 8 hours in any 1 day when school is not in session;
(5) Not more than 3 hours in any 1 day when school is in session, including Fridays;
(6) Between 7 a.m. and 7 p.m. in any 1 day, except during the summer (June 1 through Labor Day) when the evening hour will be 9 p.m.

establishments.

c. Defendants shall not suffer or permit to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning occupations.

2. Defendants shall produce to the Acting Secretary within three (3) days of the date of this Order a list of all individuals they have employed since August 1, 2020, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked.

3. Defendants are enjoined from, in violation of 29 U.S.C. § 207, withholding pay from employees for overtime hours worked calculated at a rate not less than one and one-half times the regular rate at which the employee is employed.

4. Defendants shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request.

5. To facilitate compliance with ¶ 4 above, Defendants shall provide an earnings statement to each of their employees each time they are paid with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4); net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid.

6. To facilitate compliance with ¶ 4 above, Defendants shall provide the Acting Secretary with all employees' earning statements for two workweeks following the issuance of this Order and shall provide access to these earnings statements upon request thereafter.

7. To facilitate compliance with ¶ 4 above, Defendants shall provide the Acting Secretary with access to all time, piece rate, and payroll records each pay period as they are completed.

8. To facilitate compliance with ¶ 4 above, before the start of each workweek, Defendants shall produce to the Acting Secretary a list of workers who will be working in each workweek, the location(s) where they will be working, and their anticipated start and stop times at the location.

9. Defendants are enjoined from, in violation of 29 U.S.C. § 211(a), interfering or obstructing any investigation of the Acting Secretary by directing employees not to speak to the Acting Secretary and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats and intimidation.

10. Defendants are enjoined from, in violation of 29 U.S.C. § 215(a)(3), retaliating, intimidating, or discriminating in any way against any current or former employee of Defendants who exercises their rights under the FLSA, including but not limited to testifying or otherwise reporting information to the Acting Secretary. Prohibited retaliatory actions include directing employees not to speak to representatives of the Acting Secretary, telling employees that communication with the Acting Secretary will result in immigration or other legal action against them, and otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes, or intimidation. Prohibited retaliatory actions also include, but are not limited to, termination, reduction of hours, reduction of pay, or threats to report employees to law enforcement agencies including immigration authorities. Defendants shall not

terminate any workers without first giving the employee and the Acting Secretary of Labor notice as to who is being fired and why.

11. Defendants shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any poultry produced or processed at its poultry processing facilities located at 15268 Proctor Ave., City of Industry, CA 91745 in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor described in Paragraph 1 above.

12. Defendants shall not, in violation of 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce, nor ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended any poultry that has been processed or produced by any employee whom Defendants failed to pay the overtime premium rate for hours worked over forty in the workweek.

13. Defendants shall send the Notice of Rights, attached hereto as Exhibit A, to all current employees within two (2) days of the date of this Order. Defendants shall provide a copy of Exhibit A to all employees it hires or invites back to work.

14. Defendants shall provide notice of this Temporary Restraining Order to any person who supervises any of their employees performing work at Defendants' poultry processing facilities, including the facilities located at 218 S. 8th Ave, La Puente, CA 91746 and 15268 Proctor Ave., City of Industry, CA 91745.

15. Defendants shall comply with the FLSA as specified above and in all other respects.

16. This Application is based on the accompanying: Memorandum of Points and Authorities; Declarations of Michael Eastwood, Daniel Pasquil, Maria De La Rocha, Gisela Chan, Ishmael Alvarez, Cindy Pena, and Nisha Parekh. The Acting Secretary is likely to succeed on the merits of her claims that Defendants

violated FLSA Sections 7, 11(a), 12(a), 12(c), 15(a)(1), 15(a)(2), 15(a)(3), 15(a)(4), and 15(a)(5) by: employing oppressive child labor in poultry processing facilities; failing to pay employees an overtime premium in hours worked over forty in a workweek; interfering with the Acting Secretary's ability to communicate with employees and otherwise enforce the FLSA; retaliating against employees for cooperating with the Acting Secretary; failing to keep accurate wage and hour records for their employees. Unless Defendants are enjoined and restrained as described above, the health and safety of minor employees, the Acting Secretary, Defendants' law-abiding competitors, and the public interest all will be irreparably harmed.

Undersigned counsel certifies that, pursuant to Local Civil Rule 7-19, on September 28, 2023, she spoke on the telephone with counsel for Tony Elvis Bran and The Exclusive Poultry Inc., Attorney Anthony McClaren ("Attorney McClaren") and received confirmation that these Defendants would not voluntarily refrain from shipping goods produced in violation of the FLSA. The undersigned counsel informed Attorney McClaren that the Acting Secretary would be filing this Application for Temporary Restraining Order to restrain the hot goods and Attorney McClaren confirmed his understanding. He has also confirmed with counsel for the Acting Secretary that he will accept service of this Application for Temporary Restraining Order via email. On September 30, 2023, the undersigned counsel called and emailed Attorney McClaren to determine whether Defendants Tony Elvis Bran and The Exclusive Poultry will oppose this Application but could not obtain a response prior to filing.

Attorney McClaren, the only known counsel of record for any Defendant, is as follows:

| Defendants The Exclusive Poultry Inc.<br>and Tony Bran<br>c/o Anthony K. McClaren, Esq. | |
|---|---|

Perleberg McClaren LLP
4223 Glencoe Avenue, Suite A220
Marina del Rey, California 90292
akm@pmlegal.law
323-741-6500

Dated September 30, 2023.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
ANDREW J. SCHULTZ
KATHERINE E. CAMERON
Counsels for Wage and Hour

ANDREW M. KATZ
Senior Trial Attorney

*/s/ Nisha Parekh*
NISHA PAREKH
Trial Attorney