1 MARC A. PILOTIN
Regional Solicitor
2 ANDREW J. SCHULTZ
BORIS ORLOV
3 Counsels for Wage and Hour
ANDREW M. KATZ (CSBN 350024)
4 Senior Trial Attorney
NISHA PAREKH (CSBN 318393)
5 Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
6 312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
7 Telephone:  213-894-3950
Parekh.nisha@dol.gov
8 *Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*
9

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor<br><br>                        Plaintiff,<br><br>            V.<br><br>THE EXCLUSIVE POULTRY, INC., et al | Case No.<br><br>**DECLARATION OF MICHAEL EASTWOOD**<br><br>Date:      n/a<br>Time:      n/a<br>Judge: |

---

DECLARATION OF MICHAEL EASTWOOD
Case No.

I, Michael Eastwood, hereby declare:

1. I am employed as the Director of Enforcement for the Western Region by the Wage and Hour Division ("WHD") of the United States Department of Labor.

2. I started working for WHD in July of 2005. From that time until April of 2012 I served as a Wage Hour Investigator for the WHD's Los Angeles District Office and then the San Francisco District Office. From April of 2012 until September of 2013 I served as a Senior Investigator Advisor for the Western Regional Office. From September of 2013 until January of 2017 I served as an Assistant District Director for the San Francisco District Office. Since January of 2017 I have served as the Director of Enforcement for the Western Regional Office.

3. My current duties include overseeing the enforcement activities of the ten district offices in the Western Region. I directly supervise a team of specialists who provide expert guidance to the district offices and work with our district offices, the Regional Solicitor of Labor, and other federal and state government agencies to promote compliance with the laws we enforce. In my role as the Director of Enforcement I am familiar with WHD's hot goods process.

4. The Secretary of Labor is charged with enforcing the provisions of the FLSA. See 29 U.S.C. § 211(a). When hot goods have been identified, the Secretary's representatives notify the violating parties about the Secretary's determination as to why the goods are "hot" and objects to the shipment of those goods by requesting that their shipment in commerce be restrained voluntarily.

5. After discussion with the employer, representatives from the Department of Labor may also notify all intended recipients of the goods, known as down-stream purchasers, of the Department's investigative findings, offering the employer an opportunity to participate in those communications.

6. By providing notice to all potential shippers, the Department seeks to obtain voluntary compliance from all interested parties in preventing the entry of hot goods into interstate commerce.

7. Further, because the FLSA provides an exception for certain good faith purchasers, the failure to notify down-stream purchasers that may ship those goods may result in the shipment of hot goods into the stream of interstate commerce.

8. Should the employer and intended recipients agree to restrain shipment of the hot goods, the Department attempts to resolve the matter short of initiating litigation, exercising discretion as to the settlement terms which maximize enforcement of the FLSA.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/29/2023

*[signature]*

MICHAEL EASTWOOD

---

DECLARATION OF MICHAEL EASTWOOD
Case No.

Page 2