IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor, United States Department of Labor<br><br>                         Plaintiff,<br>     v.<br><br>THE EXCLUSIVE POULTRY, INC., et al.,<br><br>                         Defendants. | Case No. 2:23-cv-08185-MCS-SK<br><br>**PRELIMINARY INJUNCTION** |

Plaintiff Julie A. Su, the Acting Secretary of Labor, previously submitted an *Ex Parte* Application for a Temporary Restraining Order and for Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants The Exclusive Poultry, Inc.; Meza Poultry LLC; Valtierra Poultry LLC; Tony Elvis Bran; Karen Rios; Juan Valtierra; Francisco Javier Meza; and Jacqueline Garcia ("Defendants") relating to the use of oppressive child labor, overtime wage violations, interference with the Acting Secretary's ability to communicate with employees and otherwise enforce the FLSA, retaliation, and failure to maintain records, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 4.) The Court previously entered an Order granting Plaintiff's application and set a hearing ordering Defendants to show cause why a preliminary injunction should not issue on Monday October 16, 2023, at 9:00 a.m. (ECF No. 13.)

At the hearing, Defendants Tony Elvis Bran and The Exclusive Poultry, Inc., through their counsel, and Defendants Francisco Javier Meza and Jacqueline Garcia, representing themselves pro se and attempting to represent Meza Poultry LLC,[1] orally submitted to the entry of preliminary injunction as requested by Plaintiff.

Therefore, the Court ENJOINS Defendants, including their agents, family members, attorneys,[2] supervisors, managers, co-employers, employees, successors, or officers, owners, agents, or directors, and all those in active concert or participation with Defendants as follows:

/ / /

/ / /

---

[1] At the October 16, 2023 hearing, the Court informed Defendants Garcia and Meza, who purported to appear on behalf of themselves and Meza Poultry LLC, that companies are required by law to be represented by counsel. *See Licht v. Am. W. Airlines (In re Am. W. Airlines),* 40 F.3d 1058, 1059 (9th Cir. 1994). The Court then instructed Defendants Garcia and Meza to retain counsel for Meza Poultry LLC.

[2] Nothing in this Order shall be construed as limiting an attorney of record's ability to advise his or her clients.

1. Defendants shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the FLSA, and, in particular:

   a. Defendants shall not suffer or permit to work any person under the age of 16 years in violation of 29 C.F.R. § 570.35;[3]

   b. Defendants shall not suffer or permit to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.33, including but not limited to: work in freezers and meat coolers and all work in the preparation of meats for sale except as permitted by 29 C.F.R. § 570.34(j) and occupations that the Secretary of Labor, may, pursuant to section 3(l) of the FLSA, find and declare to be hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being such as occupations in or about slaughtering and meat packing establishments.

   c. Defendants shall not suffer or permit to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning occupations.

2. To facilitate compliance with ¶ 1 above, Defendants shall produce to the Acting Secretary within three (3) days of the date of this Order a list of all

---

[3] 29 C.F.R. § 570.35(a) provides, in relevant part:
   [E]mployment in any of the permissible occupations to which this subpart is applicable shall be confined to the following periods:
   (1) Outside of school hours;
   (2) Not more than 40 hours in any 1 week when school is not in session;
   (3) Not more than 18 hours in any 1 week when school is in session;
   (4) Not more than 8 hours in any 1 day when school is not in session;
   (5) Not more than 3 hours in any 1 day when school is in session, including Fridays;
   (6) Between 7 a.m. and 7 p.m. in any 1 day, except during the summer (June 1 through Labor Day) when the evening hour will be 9 p.m.

individuals they have employed since August 1, 2020, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked.

3. Defendants are enjoined from, in violation of 29 U.S.C. § 207, withholding pay from employees for overtime hours worked calculated at a rate not less than one and one-half times the regular rate at which the employee is employed.

4. Defendants shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request.

5. To facilitate compliance with ¶ 4 above, Defendants shall provide an earnings statement to each of their employees each time they are paid with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4); net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid.

6. To facilitate compliance with ¶ 4 above Defendants shall provide the Acting Secretary with all employees' earning statements for two workweeks following the issuance of this Order and shall provide access to these earnings statements upon request thereafter.

7. To facilitate compliance with ¶ 4 above Defendants shall provide the Acting Secretary with access to all time, piece rate, and payroll records each pay period as they are completed.

8. To facilitate compliance with ¶ 4 above, before the start of each workweek, Defendants shall produce to the Acting Secretary a list of workers who will be working in each workweek, the location(s) where they will be working, and their anticipated start and stop times at the location.

9. Defendants are enjoined from, in violation of 29 U.S.C. § 211(a), interfering or obstructing any investigation of the Acting Secretary by directing employees not to speak to the Acting Secretary and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats and intimidation.

10. Defendants are enjoined from, in violation of 29 U.S.C. § 215(a)(3), retaliating, intimidating, or discriminating in any way against any current or former employee of Defendants who exercises their rights under the FLSA, including but not limited to testifying or otherwise reporting information to the Acting Secretary. Prohibited retaliatory actions include directing employees not to speak to representatives of the Acting Secretary, telling employees that communication with the Acting Secretary will result in immigration or other legal action against them, and otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes, or intimidation. Prohibited retaliatory actions also include, but are not limited to, termination, reduction of hours, reduction of pay, or threats to report employees to law enforcement agencies including immigration authorities. Defendants shall not terminate any workers without first giving the employee and the Acting Secretary of Labor notice as to who is being fired and why.

11. Defendants shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any poultry produced or processed at its poultry processing facilities located at 15268 Proctor Ave., City of Industry, CA 91745 in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor

described in Paragraph 1 above.

12. Defendants shall not, in violation of 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce, nor ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended any poultry that has been processed and/or produced by any employee whom Defendants failed to pay the overtime premium rate for hours worked over forty in the workweek.

13. Defendants shall send the Notice of Rights, attached hereto as Exhibit A, to all current employees within two (2) days of the date of this Order. Defendants shall provide a copy of Exhibit A to all employees it hires or invites back to work.

14. Defendants shall provide notice of this Preliminary Injunction Order to any person who supervises any of their employees performing work at Defendants' poultry processing facilities, including the facilities located at 218 S. 8th Ave, La Puente, CA 91746 and 15268 Proctor Ave., City of Industry, CA 91745.

15. Defendants shall comply with the FLSA as specified above and in all other respects.

This Order shall take effect immediately and remain in effect until this Court rules otherwise.

The Acting Secretary shall serve Defendants with this Order and all supporting pleadings and papers immediately This Order and supporting papers may be served on Defendants by Wage and Hour Division employees.

/ / /

/ / /

1 | This Court further ORDERS that no security bond shall be required under
2 | Federal Rule of Civil Procedure 65(c).

4 | **IT IS SO ORDERED**.

6 | DATED: October 16, 2023

*[Signature: Mark C. Scarsi]*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

# Exhibit A

## NOTICE TO EMPLOYEES OF YOUR RIGHTS UNDER THE FLSA

There are state, local, and federal laws related to your workplace rights.  The Department of Labor (DOL) enforces the Fair Labor Standards Act (FLSA).

## YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS

Under the FLSA, your employer must pay you:
1) Federal minimum wage ($7.25 per hour) for all hours worked.  (Your employer may owe you a higher minimum wage under California or local law.)
2) Overtime pay if you work more than forty hours per week.

You must be paid for all work you do for your employer. This might include: cutting chicken, throwing away garbage, moving chicken around the warehouse, cleaning your work station and work tools, sharpening your knives, wearing or removing required clothes and tools, waiting to count how many boxes of chicken you have cut, waiting for chicken to arrive if your employer instructs you to wait, and other activities your employer requires you to do.

Your employer must correctly document and report each hour you work and all pay you receive.

**It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL investigation, or spoke up about your workplace rights.  It is illegal for your employer to take the following actions because you exercised your rights:**

- Scream threats at you;
- Reduce your work hours or your pay;
- Fire you or fire any friends or relatives that work with you;
- Refuse to pay you for all hours you work;
- Refuse to hire you, or a relative or friend of yours;
- Report you to the government for deportation;
- Threaten you with legal problems or threaten to use their lawyer to harm you;
- Make any other threat or take any harmful action against you.

It is also illegal for anybody to make you sign a document in which you promise to tell a judge or any representative of the DOL false information about the hours you work, pay you receive, or anything else related to your FLSA rights.  Any document you have signed promising to tell false information to a judge or anyone else has no legal value and cannot be used against you.

**If any of these actions occur, please immediately contact:**
**DOL Investigator Maria de la Rocha at (626) 732-1089**
**You can also contact the DOL hotline at (866) 487-9243**

Notice of Rights – *U.S. Secretary of Labor v. The Exclusive Poultry, Inc., et al.*, Page 1 of 2

**AVISO A LOS EMPLEADOS DE SUS DERECHOS BAJO LA FLSA**

Existen leyes estatales, locales y federales relacionadas con sus derechos laborales. El Departamento de Trabajo (DOL) hace cumplir La Ley de Normas Justos De Trabajo (FLSA en inglés).

SU ESTATUS MIGRATORIO NO IMPORTA Y NO AFECTA SUS DERECHOS LABORALES.

Según la FLSA, su empleador debe pagarle:

1) Salario mínimo federal ($7.25 por hora) por todas las horas trabajadas. (Su empleador puede deberle un salario mínimo más alto bajo la ley del estado de California o las leyes locales.)

2) Pago de overtime por horas extras si trabaja más de cuarenta horas por semana.

Se le debe pagar por todo el trabajo que haga para su empleador. Esto podría incluir: cortar pollo, recoger huesos, mover pollo de un lugar a otro dentro de la planta, limpiar su estación de trabajo y su herramienta, filar sus cuchillos, ponerse o quitarse la ropa o la herramienta requerida para hacer su trabajo, esperar por contar el número de cajas cortadas, esperar por el pollo si su empleador le dice que tiene que esperar, y otras actividades que su empleador lo requiere hacer.

Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

**Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en una investigación del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

- Gritarle amenazas a usted;
- Reducir sus horas de trabajo o la cantidad que gana;
- Terminarlo o terminar a un colega o familiar que trabaja con usted;
- Negarse a pagarle por todas las horas que trabaja;
- Negarse a emplear a usted, o a un familiar suyo;
- Reportar al gobierno su deportación;
- Amenazarlo con problemas legales o amenazar con usar al abogado del empleador para hacerle daño;
- Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

También es ilegal que alguien le obligue a firmar un documento en el que promete decirle a un juez o a cualquier representante del DOL información falsa sobre las horas que trabaja, el pago que recibe o cualquier otra cosa relacionada con sus derechos a la FLSA. Cualquier documento que haya firmado con la promesa de proporcionar información falsa a un juez o a cualquier otra persona no tiene valor legal y no puede usarse en su contra.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con:**

**DOL Investigadora Maria De La Rocha al (626) 732-1089**
**También puede comunicarse con el DOL al (866) 487-9243**

Notice of Rights – *U.S. Secretary of Labor v. The Exclusive Poultry, Inc., et al.,*
Page 2 of 2