MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
BORIS ORLOV
Counsels for Wage and Hour
ANDREW M. KATZ (CSBN 350024)
SONYA SHAO (CSBN 300832)
Senior Trial Attorneys
NISHA PAREKH (CSBN 318393)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone:  213-894-3990
Parekh.nisha@dol.gov
*Attorneys for Plaintiff Julie A. Su,
Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor<br><br>                                Plaintiff,<br><br>         v.<br><br>THE EXCLUSIVE POULTRY, INC., et al.,<br><br>                                Defendants. | Case No. 2:23-cv-08185-MCS-SK<br><br>**FIRST STIPULATED AMENDED PRELIMINARY INJUNCTION** |

1  Defendants Tony Bran and The Exclusive Poultry, Inc. represent that they
2  are actively working to come into compliance with the FLSA. They likewise
3  represent they will comply with this order to continue operating their business in
4  compliance with the FLSA and the ability to ship their goods in compliance with
5  the FLSA.
6  On October 3, 2023, the Court entered a Temporary Restraining Order and
7  Order to Show Cause Why a Preliminary Injunction Should Not Issue against
8  Defendants The Exclusive Poultry, Inc.; Meza Poultry LLC; Valtierra Poultry
9  LLC; Tony Elvis Bran; Karen Rios; Juan Valtierra; Francisco Javier Meza; and
10 Jacqueline Garcia ("Defendants") relating to the use of oppressive child labor,
11 overtime wage violations, interference with the Acting Secretary's ability to
12 communicate with employees and otherwise enforce the FLSA, retaliation, and
13 failure to maintain records, in violation of the Fair Labor Standards Act ("FLSA"),
14 29 U.S.C. §§ 201, *et seq*. On October 16, 2023, the Court entered a Preliminary
15 Injunction against Defendants relating to the same.
16 If Defendants' conduct is not immediately rectified, Defendants' employees,
17 Defendants' law-abiding competitors, and the Acting Secretary, who was
18 authorized by Congress to enforce the FLSA in the public interest, will be
19 irreparably harmed.
20 On October 13, 2023, the Acting Secretary submitted an Application for an
21 Amended Preliminary Injunction and presented additional evidence of retaliation
22 against employees, interference with the Acting Secretary's enforcement action,
23 and Defendant Tony Elvis Bran and The Exclusive Poultry Inc.'s attempts to evade
24 compliance with the FLSA by creating new corporate entities under which to ship
25 "hot" goods and process poultry. If Defendants' conduct is not immediately
26 rectified, Defendants' employees, Defendants' law-abiding competitors, and the
27 Acting Secretary, who was authorized by Congress to enforce the FLSA in the
28 public interest, will be irreparably harmed.

On October 25, 2023, the Court heard oral argument related to the Acting Secretary's Application for Amended Preliminary Injunction and Defendants' defenses and ordered the parties to submit this stipulated Preliminary Injunction. The parties submit this First Stipulated Amended Preliminary Injunction in response to the Court's order.

Thus, the Court hereby GRANTS the following First Stipulated Amended Preliminary Injunction:

The Court ENJOINS Defendants and their agents (for avoidance of doubt, any staffing or payroll companies from which Defendants obtain employment services are considered "agents" for purposes of this Order), family members, attorneys,[1] supervisors, managers, co-employers, employees, successors, officers, owners, agents, or directors, and all those in active concert or participation with Defendants as provided below. "Defendants," as used below, includes all persons and entities defined in this paragraph.

1. Defendants shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the FLSA, and, in particular:

   a. Defendants shall not suffer or permit to work any person under the age of 16 years in violation of 29 C.F.R. § 570.35;[2]

---

[1] Nothing in this Order shall be construed as limiting an attorney of record's ability to advise his or her clients.

[2] 29 C.F.R. § 570.35(a) provides, in relevant part:
   [E]mployment in any of the permissible occupations to which this subpart is applicable shall be confined to the following periods:
     (1) Outside of school hours;
     (2) Not more than 40 hours in any 1 week when school is not in session;
     (3) Not more than 18 hours in any 1 week when school is in session;
     (4) Not more than 8 hours in any 1 day when school is not in session;
     (5) Not more than 3 hours in any 1 day when school is in session, including Fridays;

      b.      Defendants shall not suffer or permit to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.33, including but not limited to: work in freezers and meat coolers and all work in the preparation of meat for sale except as permitted by 29 C.F.R. § 570.34(j) and occupations that the Secretary of Labor, may, pursuant to section 3(l) of the FLSA, find and declare to be hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being such as occupations in or about slaughtering and meat packing establishments.

      c.      Defendants shall not suffer or permit to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all deboning occupations.

2. To facilitate compliance with ¶ 1 above, Defendants shall produce to the Acting Secretary within three (3) days of the date of receipt or notice of this Order a list of all individuals working at their premises since August 1, 2020, including, but not limited to, all deboner and packer employees, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked. For purposes of this Order, "Deboner" includes any individual that uses knives or any machinery to debone, cut, dice, or remove skin from poultry. "Packer" includes any individual that moves, loads, packs, unpacks, or handles boxes, pallets, bins, trays, tumblers, or other items containing poultry in any manner.

3. Defendants are enjoined from, in violation of 29 U.S.C. § 207, withholding pay from any employees, including deboner and packer employees, for overtime hours worked calculated at a rate not less than one and one-half times the regular rate at which the employee is employed.

---

(6) Between 7 a.m. and 7 p.m. in any 1 day, except during the summer (June 1 through Labor Day) when the evening hour will be 9 p.m.

4. Defendants shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request. To facilitate compliance with this paragraph, Defendants shall:

    a. provide an earnings statement to each of their employees, including deboner and packer employees, each time they are paid, beginning with the first paycheck issued following entry of this Order, with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid;

    b. directly produce to a pre-designated representative of the Acting Secretary all deboner and packer employees' earning statements for two workweeks following the issuance of this Order and shall provide access to these earnings statements upon request and no later than three (3) days after such request is made;

    c. provide the Acting Secretary with access to all time, piece rate, and payroll records each pay period, once they are completed, and no later than three (3) days after they are requested; and

    d. produce a roster of all deboner and packer employees (containing

FIRST STIPULATED AMENDED PRELIMINARY INJUNCTION
Case No. 2:23-cv-08185

Page 4

4. Defendants shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request. To facilitate compliance with this paragraph, Defendants shall:

    a. provide an earnings statement to each of their employees, including deboner and packer employees, each time they are paid, beginning with the first paycheck issued following entry of this Order, with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid;

    b. directly produce to a pre-designated representative of the Acting Secretary all deboner and packer employees' earning statements for two workweeks following the issuance of this Order and shall provide access to these earnings statements upon request and no later than three (3) days after such request is made;

    c. provide the Acting Secretary with access to all time, piece rate, and payroll records each pay period, once they are completed, and no later than three (3) days after they are requested; and

    d. produce a roster of all deboner and packer employees (containing

their names, addresses, and telephone numbers) who worked in a workweek each week for eight weeks following entry of this Order; Defendants shall provide this list of workers to the Acting Secretary no later than the first Monday following the end of the last workweek. Defendants shall make available a roster of all employees who have worked in any given workweek available to the pre-designated representative of the Acting Secretary upon request and no later than three (3) days following any request for such a roster.

5. Defendants are enjoined from, in violation of 29 U.S.C. § 211(a), interfering or obstructing any investigation of the Acting Secretary by directing employees, including deboner and packer employees, not to speak to the Acting Secretary and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats and intimidation.

6. Defendants are enjoined from, in violation of 29 U.S.C. § 215(a)(3), retaliating, intimidating, or discriminating in any way against any current or former employee of any Defendants, who exercises their rights under the FLSA, including but not limited to testifying or otherwise reporting information to the Acting Secretary. Prohibited retaliatory actions include directing employees not to speak to representatives of the Acting Secretary, telling employees that communication with the Acting Secretary will result in immigration, legal, criminal, or other action against them, and otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes, or intimidation. Prohibited retaliatory actions also include, but are not limited to, termination, reduction of pay, or threats to report employees to law enforcement agencies including immigration authorities. Defendants shall not terminate, fire, layoff, or furlough any workers without first giving the employee and the Acting Secretary notice at least seven days prior to such action describing who is being terminated and the non-retaliatory business justification for doing so. Defendants

shall not reduce the pay rates of any employee without first giving the employee and the Acting Secretary notice at least 30 days prior to any reduction describing the non-retaliatory business justification for the reduction.

7. To facilitate compliance with paragraph 6 above, Defendants shall only provide neutral references for all employees, upon request from any subsequent employer or any third party, including any employee laid off or terminated between August 31, 2023 through October 3, 2023, by only providing the dates of the employment, job title of position held, and relevant pay information; no reference shall be made to any employment law proceedings;

8. To facilitate compliance with paragraph 6 above, Defendants are enjoined from communicating, directly or indirectly, in any manner to any third party, such as other owners of poultry processing companies, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor proceeding.

9. For any employee that has been terminated, fired, or laid off since September 28, 2023, Defendants shall provide the Acting Secretary with the name and contact information for that employee and provide an explanation as to why that employee was terminated, fired, or laid off. Given Defendants' violations thus far, the Court imposes a rebuttal presumption against any Defendant that terminates or refuses to rehire an employee within thirty-one (31) days of any Department of Labor enforcement activity that Defendant did so because the employee engaged in a protected activity.

10. Defendants shall not violate Section 12(a) of the Fair Labor Standards Act, 29 U.S.C. § 212(a), including shipping or delivering for shipment in commerce any goods produced in an establishment in the United States in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed.

11. Defendants shall not, in violation of 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce, nor shall it ship, deliver, or sell with knowledge that shipment or delivery or sale thereof in commerce is intended any poultry that has been processed and/or produced by any employee whom Defendants failed to pay the overtime premium rate for hours worked over forty in the workweek.

12. To facilitate compliance with ¶¶ 10 and 11 above, Defendants shall produce to the Acting Secretary all shipping and delivery records, including contracts, purchase orders, invoices, receipts, bills of lading, and any other documents in its possession, control or custody concerning the shipment, delivery for shipment, transportation, offer for transportation, or sale of poultry goods that has occurred since September 28, 2023, including documents identifying all customer names and addresses to which it shipped products on what dates, and all documents identifying Defendants' knowledge of all destinations to which the products were to be shipped.

13. Defendants shall allow the Wage and Hour Division regular access to their locations to inspect the storage of the goods and verify if any have been shipped.

14. Defendants Bran and The Exclusive Poultry Inc. shall within 10 business days of the date of this injunction submit to the Acting Secretary records of all revenues and all expenses associated with revenues earned from the transport, offer for transport, shipping, delivery for shipment, or sale in commerce of "hot goods" in violation of the Court's October 3, 2023 Temporary Restraining Order. Within 15 days of that, the Acting Secretary will identify what she believes to be profits and present the computations to the Defendants. This amount will be disgorged by Defendant Bran and The Exclusive Poultry, Inc. within sixty (60) days of that calculation.

/ / /

15. To facilitate compliance with this injunction, within three (3) days of entry of this Order, Defendants must

    a. provide the Acting Secretary with the name they are currently using, or have been using prior to and after ninety (90) days of this order, of any business that they operate that produces, as defined by 29 U.S.C. § 203(j) and 29 C.F.R. § 570.108; sells; or delivers poultry or meat ;

    b. provide the Acting Secretary with the names of any poultry processing company any Defendant has retained to produce, as defined in 29 U.S.C. § 203(j) and 29 C.F.R. § 570.108; sells; or delivers poultry or meat, and include the company name, contact person, telephone number, and business address of each company;

    c. provide to the Acting Secretary all addresses for any location at which they are processing poultry if that address is different from 218 S. 8th Ave, La Puente, CA 91746 and 15268 Proctor Ave., City of Industry, CA 91745;

    d. notify the Acting Secretary of any third-party entities, including contractors, that are providing staffing services to Defendants with an explanation of those services, and to provide the Acting Secretary with a copy of any contract(s) entered into with such entities;

    e. send a package consisting of a copy of the Notice of Rights attached hereto as Exhibit A, followed in sequence by a copy of this Order, to all current employees, and in a language that they understand, and post this Order and Notice of Rights in such languages in a location or locations visible to all employees; and

   f. provide the Acting Secretary with their address, telephone number, and email address, where they agree to be contacted for purposes of communicating about and carrying out the provisions of this Order.

16. Should any Defendant change its business name or corporate form, begin operating at an address different from 218 S. 8th Ave, La Puente, CA 91746 and 15268 Proctor Ave., City of Industry, CA 91745, or retain or allow any other business or entity to manage employees or process poultry for it or at its facilities, that Defendant must inform the Acting Secretary immediately.

17. Within thirty (30) days of this Order, Defendants shall allow the Wage and Hour Division or its designee(s) to enter at 218 S. 8th Ave, La Puente, CA 91746, 15268 Proctor Ave., City of Industry, CA 91745, or any location where any Defendant is processing, producing, shipping, or delivering for shipment any poultry to provide a one-hour FLSA Notice of Rights training to all non-managerial employees of Defendants and to freely speak to employees about Defendants' compliance with this Order. Defendants shall compensate the non-managerial employees for their time attending this training. The Wage and Hour Division or its designee shall be authorized to enter these locations on a quarterly basis (i.e., every three months) to provide the training, and shall be permitted to return as necessary to train any employees who may have been absent.

18. Defendants shall ensure a copy of this Order and Exhibit A is provided to all current, and future employees upon their retention, who work at any poultry processing facility that Defendants own, control, or manage; this includes providing the Order and Exhibit A to persons to whom they offer employment, all persons or entities providing labor or payroll services for distribution, and any individual or entity responsible for hiring, firing, supervising, paying, or otherwise managing Defendants' employees. Defendants shall provide a copy of the Order and Exhibit A in a language understood by the recipient.

19. Within thirty (30) days of entry of this Amended Preliminary Injunction, Defendants shall provide FLSA training to all managers and supervisors working at its poultry processing facilities addressing, at a minimum, the FLSA provisions governing minimum wage, overtime, child labor, retaliation, and interference. Defendants shall pay an independent third-party contractor to perform this training. A contractor will not be considered independent if it is related to Defendants on the date of this order or represents Defendants involved in this action in any dealings with other parties or the Department of Labor. Any contractor must make reasonable efforts to communicate with Defendants' employees in languages with which the employees are comfortable, or if the situation requires, the contractor will hire an interpreter as dictated by a particular employee's circumstances. Defendants shall provide proof that this training has occurred within seven (7) days of completing this required training.

20. Defendants Tony Elvis Bran and The Exclusive Poultry Inc. shall provide a copy of this Order to Defendants Meza Poultry LLC; Valtierra Poultry LLC; Karen Rios; Juan Valtierra; Francisco Javier Meza; and Jacqueline Garcia if and when they enter or are operating on the premises at 218 S. 8th Ave, La Puente, CA 91746, 15268 Proctor Ave., City of Industry, CA 91745, or any other location, and shall provide proof thereof to the Acting Secretary in the form of a sworn declaration or affidavit.

21. Defendants have represented that they have shut their operations since October 6, 2023 and plan to reopen their operations on or after October 28, 2023. To cure Defendant Bran and The Exclusive Poultry Inc.'s retaliatory reduction of deboner employee wages, ensure that no additional retaliatory wage reductions occur, and ensure that employees are being paid in compliance with the FLSA, Defendants shall, immediately upon reopening their operations:

    a. Compensate all employees for all hours worked, including but not limited to time they spend waiting to be paid, waiting to count the

     number of boxes they have cut at the end of the day, waiting for poultry product to arrive, donning and doffing clothing or equipment mandatory to perform their job, and performing work that benefits Defendants in any manner.

  b. Pay wages at rates no less than their rate(s) of pay on or before August 30, 2023 for a period of at least six months following entry of this Order. After this six-month period elapses, Defendants Tony Elvis Bran and The Exclusive Poultry Inc. will provide 21-days' notice of any reduction in wage rates, offering a legitimate, non-pretextual business reason for such reduction. The Acting Secretary may contest Defendants Tony Elvis Bran and The Exclusive Poultry Inc.'s business reason before the Court.

  c. Defendants must pay employees back wages owed for their reductions of pay occurring on or after August 31, 2023 by no later than December 8, 2023. The parties shall attempt to reach agreement on the amount of back wages owed for Defendants' retaliatory reduction in pay. If the parties cannot reach agreement, the Acting Secretary shall file supplemental calculations of the back wages owed for the period between August 31, 2023 through October 6, 2023, or the date of that employee's lay off or termination, including liquidated damages owed, to the Court, and Defendants may offer evidence in response.

  d. With respect to any Valtierra Poultry LLC employees and Meza Poultry LLC employees who were working at the poultry processing facilities owned or operated by Defendants The Exclusive Poultry, Inc. or Tony Bran and who were laid off, fired, or terminated on or after September 28, 2023, The Exclusive Poultry, Inc. and/or Tony Bran shall give a hiring preference to these employees to the extent there are positions

available at any entity that produces poultry that The Exclusive Poultry, Inc. and/or Tony Bran sells. A "hiring preference" means that any available openings will be offered to these employees first before the positions are filled by other employees. In providing an offer, The Exclusive Poultry, Inc. and/or Tony Bran shall keep the offer open for at least seven calendar days. After the Exclusive Poultry, Inc. and Tony Bran have made the offer of employment to these employees, and after the employees accept or reject the offer, The Exclusive Poultry, Inc. and Tony Bran will report to the Acting Secretary whether the employees accepted or rejected the offer.

22. All documents must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format. If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is produced in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the documents must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

///
///
///
///
///
///
///
///
///

23. Defendants shall comply with the FLSA as specified above and in all other respects, including but not limited to the minimum wage requirements under Section 6 of the FLSA, 29 U.S.C. § 206, including compensating employees for any wait time as required under 29 C.F.R. Part 785 and any time donning and doffing equipment as required under 29 C.F.R. Part 790; and reimbursement of any expenses incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer as required under Section 7(e) of the FLSA, 29 U.S.C. § 207(e).

**IT IS SO ORDERED**.

Dated: October 26, 2023

_____
HON. MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

# Exhibit A

## NOTICE TO EMPLOYEES OF YOUR RIGHTS UNDER THE FLSA

There are state, local, and federal laws related to your workplace rights. The Department of Labor (DOL) enforces the Fair Labor Standards Act (FLSA).

## YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS

Under the FLSA, your employer must pay you:
   1) Federal minimum wage ($7.25 per hour) for all hours worked. (Your employer may owe you a higher minimum wage under California or local law.)
   2) Overtime pay if you work more than forty hours per week.

You must be paid for all work you do for your employer. This might include: cutting chicken, throwing away garbage, moving chicken around the warehouse, cleaning your work station and work tools, sharpening your knives, wearing or removing required clothes and tools, waiting to count how many boxes of chicken you have cut, waiting for chicken to arrive if your employer instructs you to wait, and other activities your employer requires you to do.

Your employer must correctly document and report each hour you work and all pay you receive.

**It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL investigation, or spoke up about your workplace rights. It is illegal for your employer to take the following actions because you exercised your rights:**

- Scream threats at you;
- Reduce your work hours or your pay;
- Fire you or fire any friends or relatives that work with you;
- Refuse to pay you for all hours you work;
- Refuse to hire you, or a relative or friend of yours;
- Report you to the government for deportation;
- Threaten you with legal problems or threaten to use their lawyer to harm you;
- Make any other threat or take any harmful action against you.

It is also illegal for anybody to make you sign a document in which you promise to tell a judge or any representative of the DOL false information about the hours you work, pay you receive, or anything else related to your FLSA rights. Any document you have signed promising to tell false information to a judge or anyone else has no legal value and cannot be used against you.

**If any of these actions occur, please immediately contact:**
**DOL Investigator Maria de la Rocha at (626) 732-1089**
**You can also contact the DOL hotline at (866) 487-9243**

Notice of Rights – *U.S. Secretary of Labor v. The Exclusive Poultry, Inc., et al.*,
Page 1 of 2

**AVISO A LOS EMPLEADOS DE SUS DERECHOS BAJO LA FLSA**

Existen leyes estatales, locales y federales relacionadas con sus derechos laborales.  El Departamento de Trabajo (DOL) hace cumplir La Ley de Normas Justos De Trabajo (FLSA en inglés).

<u>SU ESTATUS MIGRATORIO NO IMPORTA Y NO AFECTA SUS DERECHOS LABORALES.</u>

Según la FLSA, su empleador debe pagarle:

1) Salario mínimo federal ($7.25 por hora) por todas las horas trabajadas.  (Su empleador puede deberle un salario mínimo más alto bajo la ley del estado de California o las leyes locales.)

2) Pago de overtime por horas extras si trabaja más de cuarenta horas por semana.

Se le debe pagar por todo el trabajo que haga para su empleador.  Esto podría incluir: cortar pollo, recoger huesos, mover pollo de un lugar a otro dentro de la planta, limpiar su estación de trabajo y su herramienta, filar sus cuchillos, ponerse o quitarse la ropa o la herramienta requerida para hacer su trabajo, esperar por contar el número de cajas cortadas, esperar por el pollo si su empleador le dice que tiene que esperar, y otras actividades que su empleador lo requiere hacer.

Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

**Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en una investigación del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:**

- Gritarle amenazas a usted;
- Reducir sus horas de trabajo o la cantidad que gana;
- Terminarlo o terminar a un colega o familiar que trabaja con usted;
- Negarse a pagarle por todas las horas que trabaja;
- Negarse a emplear a usted, o a un familiar suyo;
- Reportar al gobierno su deportación;
- Amenazarlo con problemas legales o amenazar con usar al abogado del empleador para hacerle daño;
- Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

También es ilegal que alguien le obligue a firmar un documento en el que promete decirle a un juez o a cualquier representante del DOL información falsa sobre las horas que trabaja, el pago que recibe o cualquier otra cosa relacionada con sus derechos a la FLSA. Cualquier documento que haya firmado con la promesa de proporcionar información falsa a un juez o a cualquier otra persona no tiene valor legal y no puede usarse en su contra.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con:**

**DOL Investigadora Maria De La Rocha al (626) 732-1089**
**También puede comunicarse con el DOL al (866) 487-9243**

Notice of Rights – *U.S. Secretary of Labor v. The Exclusive Poultry, Inc., et al.,*
Page 2 of 2