1   MARC A. PILOTIN
    Regional Solicitor
2   BORIS ORLOV
    Counsel for Wage and Hour
3   ANDREW M. KATZ (CSBN 350024)
    SONYA SHAO (CSBN 300832)
4   Senior Trial Attorneys
    NISHA PAREKH (CSBN 318393)
5   Trial Attorney
    UNITED STATES DEPARTMENT OF LABOR
6   312 N. Spring Street, Suite 720
    Los Angeles, CA 90012-4701
7   Telephone: (213) 894-3990
    Parekh.Nisha@dol.gov
8   *Attorneys for Plaintiff Julie A. Su,*
    *Acting United States Secretary of Labor*
9

10

11                  IN THE UNITED STATES DISTRICT COURT

12                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  JULIE A. SU,                          Case No. 2:23-cv-08185-MCS-SK

15  Acting Secretary of Labor, United States
    Department of Labor                   **[PROPOSED] FIRST**
16                                        **AMENDED CONSENT**
                                          **JUDGMENT AND**
17                       Plaintiff,       **PERMANENT INJUNCTION**
                                          **AGAINST DEFENDANTS**
18       v.                               **TONY ELVIS BRAN AND THE**
                                          **EXCLUSIVE POULTRY, INC.**
19  THE EXCLUSIVE POULTRY, INC.,
    et al.,                               Hon. Mark C. Scarsi
20

21

22                       Defendants.

23

24        Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of

25  Labor, and Defendants THE EXCLUSIVE POULTRY, INC. and TONY ELVIS

26  BRAN ("Defendants") (collectively the "Parties") have agreed to resolve the

27  matters in controversy in this civil action and agree to the entry of this Amended

28  Consent Judgment and Permanent Injunction ("Amended Consent Judgment") as

---

provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A.      On September 29, 2023, the Acting Secretary filed her Complaint in the above-captioned proceeding, naming Defendants and alleging violations of Sections 3(m), 6, 7, 11(a), 11(c), 12, and 15(a)(1)-(5) of the FLSA, 29 U.S.C. §§ 203(m), 206, 207, 211(a), 211(c), 212, 215(a)(1)-(5).

B.      Defendants acknowledge that they have been duly served with a copy of their respective summons and a copy of the Acting Secretary's Complaint in this action.

C.      Defendants Tony Bran and The Exclusive Poultry, Inc. have filed Answers to the Acting Secretary's Complaint and served these on the Acting Secretary.

D.      Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the Central District of California.

E.      The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Amended Consent Judgment without further contest.

F.      Defendants agree herein to resolve all allegations of the Acting Secretary's Complaint.

G.      Defendants admit that they employ all employees, including deboner, packer, cleaner, and other employees that processed poultry for Meza Poultry LLC, Valtierra Poultry LLC, Nollus's Poultry LLC, and Sullon Poultry Inc.

H.      Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Amended Consent Judgment.

I.      Defendants acknowledge that violating any provision of this Amended Consent Judgment and Permanent Injunction may subject them to fines and

penalties, including punitive damages, heightened civil monetary penalties, or contempt.

J.     Following entry of the Consent Judgment and Permanent Injunction (Dkt. 78) that the Court entered on November 17, 2023 ("Consent Judgment"), Defendant Tony Bran has placed his property at 18681 Pacato Road, La Puente, California 91744 for sale and is refinancing his properties at 4740 Bandera Street, Montclair, California 91763, and at 218 S. 8th Ave., La Puente, CA 91746.

K.     The Consent Judgment required Defendants to make an initial payment toward the judgment on November 30, 2023, which Defendants have completed.  Defendants were to make payments toward the judgment in monthly installments starting on January 1, 2024.  Defendants failed to make their January 1, 2024 payment.

L.     To address the Acting Secretary's concerns regarding Defendants' liquidation of assets immediately following entry of the Consent Judgment and failure to make their January 1 payment, Defendants have agreed to provide the Acting Secretary with a deed of trust to secure the remainder of the judgment and to amend the payment plan.

M.     Defendants represent that, since signing the Consent Judgment, they have not been engaged in poultry processing or in the sale of processed poultry products.

## PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents (including any entities contracted to provide labor or payroll services), servants, employees, companies, and all persons and entities acting at their direction or in

concert or participation with their direction, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1.      Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the local prevailing minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.      Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours worked in excess of 40 hours in a workweek.

3.      Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

4.      Contrary to Section 11(a) of the FLSA, interfering or obstructing any

investigation of the Acting Secretary, including by directing employees not to speak to the Acting Secretary or her representatives and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats and intimidation.

5.      Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory action, such as discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA by, among other things, testifying or otherwise reporting information to the Acting Secretary, or questioning whether the employer is paying the employee in compliance with prevailing law. Prohibited discriminatory and retaliatory actions include telling employees that communication with the Acting Secretary will result in immigration, legal, criminal or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes or intimidation. Other prohibited discriminatory and retaliatory acts include but are not necessarily limited to: termination; discharge; layoffs; threats of termination, discharge or lay off; reverifying the employment eligibility of an employee Defendants unlawfully terminated; reduction to employees' work schedules or wages; intimidation; failure to hire; and providing negative references.

6.      Contrary to Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4), employing minor children in occupations for periods and under conditions which constitute oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce, including:

      a.      suffering or permitting to work any person under the age of 16 years in violation of 29 C.F.R. § 570.35, including by requiring such persons to

work more than 40 hours in any 1 week when school is not in session; work more than 18 hours in any 1 week when school is in session; work more than 8 hours in any 1 day when school is not in session; work more than 4 hours in any 1 day when school is in session, including Fridays; and work between 7:00 a.m. and 7:00 p.m. in any 1 day, except during the summer (June 1 through Labor Day) when the evening hour will be 9:00 p.m.;

        b.    suffering or permitting to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.33, including but not limited to: work in freezers and meat coolers and all work in the preparation of meat for sale except as permitted by 29 C.F.R. § 570.34(j) and occupations that the Secretary of Labor, may, pursuant to section 3(l) of the FLSA, find and declare to be hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being such as occupations in or about slaughtering and meat packing establishments; and

        c.    suffering or permitting to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61 and 29 C.F.R. § 570.58, including but not limited to all deboning occupations and all occupations involved in the operation of power-driven hoisting apparatus such as forklifts or other high-lifts.

    7.    Contrary to Section 12(a) of the FLSA, shipping or delivering for shipment in commerce any goods produced in an establishment in the United States in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed.

    8.    Contrary to Section 15(a)(1) of the FLSA, transporting, offering for transportation, shipping, delivering, or selling in commerce, and/or shipping, delivering, or selling with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods that have been processed and/or produced by any

employee whom Defendants failed to pay the overtime premium rate for hours worked over forty in the workweek.

9.      Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future, or other forms of monetary damages or relief, to said employee under the provisions of this Amended Consent Judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages or monetary damages heretofore or hereafter paid to the employee under the provisions of this Amended Consent Judgment or the FLSA.

10.      Bran shall execute the deed of trust to secure the payments described in paragraph 36.  The deed of trust shall be recorded against the real property commonly known as 18681 Pacato Road, La Puente, California 91744 is attached hereto as **Exhibit 3**.  Bran represents that he is the owner and CEO of T. B. LLC, the entity that owns the real property.  Bran represents that the property is not encumbered and that it has sufficient equity to satisfy the remaining judgment amount of $1,535,193.80 against Defendants. The Acting Secretary shall record the deed of trust attached as **Exhibit 3** once signed. Defendants agree not to further encumber the property until the deed of trust is recorded. If Defendants default on their payment obligations, they shall be given 30 days' written notice to cure the default (served electronically to Defendants' counsel of record). If Defendants fail to cure their default, Defendants will cooperate with and assist the Acting Secretary in executing on the deed of trust. Within 30 days of Defendants satisfying the payment obligations of the Amended Consent Judgment, including any interest or penalties for paying the amount due late, the Acting Secretary will provide Defendants with a deed of reconveyance to effectuate the cancellation and

removal of the deed of trust associated with this Amended Consent Judgment. Defendants will then record the deed of reconveyance provided by the Acting Secretary to terminate the Acting Secretary's deed of trust.

11.    Withholding payment of $1,699,755.08, which constitutes the back wages and retaliation damages found to be due by the Defendants under the FLSA to the employees, who are identified by name in Exhibit 1, which is incorporated in and made part of this Amended Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

12.    Within ten (10) days of the date of entry of this Amended Consent Judgment, and within fourteen (14) days of any subsequent change to the information below for a period of four (4) years, Defendants shall:

    a.    provide the Acting Secretary with the name of any business(es) they operate or use which produces (as defined by 29 U.S.C. § 203(j) and 29 C.F.R. § 570.108) poultry or meat, or which sells or delivers poultry;

    b.    provide the Acting Secretary with the names of any poultry processing company any Defendant has retained to produce (as defined in 29 U.S.C. § 203(j) and 29 C.F.R. § 570.108) poultry or meat, or which sell or deliver poultry, and include the company name, contact person, telephone number, and business address of each company;

    c.    provide to the Acting Secretary all addresses for any location at which they are processing poultry or engaged in any work related to the processing, sale, or delivery of poultry;

    d.    notify the Acting Secretary of any third-party entities, including

contractors, that are providing staffing services to Defendants, with an explanation of the services being provided, and to provide the Acting Secretary with a copy of any contract(s) entered into with such entities; and

   e.  provide the Acting Secretary with Defendants' address, telephone number, and email address, where they agree to be contacted for purposes of communicating about and carrying out the provisions of this Amended Consent Judgment.

  13. For a period of four (4) years from the date of entry of this Amended Consent Judgment, Defendants must immediately notify and inform the Acting Secretary of any change to any of the information it previously provided to the Acting Secretary as required in Paragraph 12 above, including changes to its business name or corporate form, the location where it operates, and the retention or allowance of any other business or entity to manage employees or process poultry for it or at its facilities. Defendants shall also inform the Acting Secretary of any changes to their contact information. Defendants shall notify the Acting Secretary of any such changes no later than three (3) business days after any such changes have taken effect.

  14. Within ten (10) days of commencing poultry processing operations, Defendants shall send a package consisting of a copy of the Notice of Rights attached hereto as Exhibit 2, followed in sequence by a copy of this Amended Consent Judgment, to all employees, and in a language that they understand, and post this Amended Consent Judgment and Notice of Rights in such languages in a location or locations visible to all employees, including the entrance to the workplace, any break areas, and in the primary workroom.  Within three (3) days of posting the package in the worksite, Defendants shall send photographs to a Wage and Hour representative demonstrating that this provision has been adhered to.

15.     For a period of at least four (4) years from following the date commencing poultry operations, Defendants shall ensure that a copy of this Amended Consent Judgment and Exhibit 2 is provided to the following persons or entities and in a language understood by the recipient as follows:

a.     all future employees upon their retention who are hired or rehired following the entry of this Amended Consent Judgment;

b.     all persons to whom they offer employment;

c.     all persons or entities providing labor or payroll services to Defendants or their business operations;

d.     all businesses and workers processing poultry at any poultry processing facility owned, operated, or controlled by any Defendant; and

e.     any individual or entity responsible for hiring, firing, supervising, paying, or otherwise managing Defendants' employees.

16.     Within thirty (30) days of commencing poultry operations, Defendants shall provide FLSA training to all managers and supervisors working at its poultry processing facilities addressing, at a minimum, the FLSA provisions governing minimum wage, overtime, recordkeeping, child labor, anti-retaliation, and interference. Defendants shall pay an independent third-party contractor, who is not involved €n this litigation and is approved by a representative of the Acting Secretary, to conduct this training. A contractor will not be considered independent if it is related to Defendants on the date of this Amended Consent Judgment or represents Defendants involved in this action in any dealings with other parties or the Department of Labor. The training shall be for one session of not less than one hour with an opportunity for questions and answers. Any contractor must make reasonable efforts to communicate with Defendants' employees in languages with which the employees are comfortable, or if the situation requires, the contractor will hire an interpreter as dictated by a particular employee's circumstances.

Defendants shall provide the Acting Secretary seven days' notice in advance of the training and permit the Acting Secretary's representative to attend the training. Defendants shall provide proof that this training has occurred within seven (7) days of completing this required training. Defendants shall provide the FLSA training required under this Paragraph on an annual basis for a period of at least four (4) years.

17.    For a period of six (6) months after commencing poultry operations, Defendants shall not terminate, fire, layoff, or furlough any employee, including employees involved in processing poultry, such as deboners, packers, cleaners, or others, or participate in the termination, firing, layoff, or furloughing in any manner of employees involved in the processing of poultry, without first giving the employee and the Acting Secretary notice at least seven (7) days prior to such action describing who is being terminated, fired, laid off, or furloughed, and the non-retaliatory business justification for doing so.

18.    For every employee laid off or terminated between August 31, 2023 through October 3, 2023, Defendants shall only provide neutral references for all employees, including employees involved in the processing of poultry, such as deboners, packers, cleaners, or others, upon request from any subsequent employer or any third party, by only providing the dates of the employment, job title of position held, and relevant pay information; no reference shall be made to any employment law proceedings.

19.    For a period of four (4) years after commencing poultry operations, Defendants shall allow the Acting Secretary, its representatives, or agents to enter any location where any Defendant is processing, producing, shipping, or delivering for shipment any poultry to provide a one-hour FLSA Notice of Rights training to all nonmanagerial employees of Defendants and/or to freely speak to employees about Defendants' compliance with this Amended Consent Judgment and the

FLSA. Defendants will tell employees that they can stop working during this training and Defendants will compensate employees for their time attending this training. The Acting Secretary or its representatives shall be authorized to enter these locations four-times per year to provide the training and speak with employes and shall be permitted to return as necessary to train any employees who may have been absent.

20.    For a period of four (4) years after commencing poultry operations , Defendants shall post signs that are at least three (3) feet long and three (3) feet high at the entrances of any poultry processing facilities that they own, operate or control, in English, Spanish, and the Guatemalan languages of Qeqchi, and Mam, and in a manner that is conspicuous and visible to all employees and the public, stating that no one under the age of 18 is allowed to work at the facility or engage in deboning work, work in a meat cooler, or operate power driven machinery.

21.    Upon the reopening of Defendants' poultry processing operations, or to the extent that Defendants' poultry processing operations have already reopened, Defendants shall:

        a.    Compensate all employees for all hours worked, including but not limited to time they spend waiting to be paid, waiting to count the number of boxes they have cut at the end of the day, waiting for poultry product to arrive, donning and doffing clothing or equipment mandatory to perform their job, and performing work that benefits Defendants in any manner.

        b.    Pay wages at rates no less than their rate(s) of pay on or before August 30, 2023, at least until April 25, 2024.  Defendants may only change the wage rates following April 25, 2024 for a legitimate, non-pretextual business reason, which they must be prepared to provide the Acting Secretary, should she request this information in the future.

        c.    With respect to any employees who were working at the poultry

processing facilities owned, operated or controlled by Defendants and who were laid off, fired, or terminated on or after September 28, 2023, Defendants shall give a hiring preference to these employees to the extent there are positions available at any entity that produces poultry that Defendants sell. A "hiring preference" means that any available openings will be offered to these employees first before the positions are filled by other employees. In providing an offer, Defendants shall keep the offer open for at least seven (7) calendar days. Within ten (10) days of commencing operations, and on a monthly basis thereafter for one year, Defendants shall provide a report to the Acting Secretary detailing (1) the offers of employment they have made to these employees under this Amended Consent Judgment and the First Amended Stipulated Preliminary Injunction, including such employees' names and contact information; and (2) employees' acceptances or rejections of such offers.

   d. Defendants shall require either a certificate of age pursuant to 29 C.F.R. 570 Subpart B or documentary evidence of age that meets the requirements of 29 C.F.R. § 570.7, for any employee if there is any reason to believe that the employee's age may be below the applicable minimum age for the occupation in which the employee is to be employed. Such certificate or documentary evidence of age should always be obtained where the employee claims to be only 1 or 2 years above the applicable minimum age for the occupation in which the employee is to be employed. A certificate or documentary evidence of age shall also be obtained for every employee claiming to be older than 2 years above the applicable minimum age if the employee's physical appearance indicates that this may not be true.

  22. Within sixty (60) days of commencing operations, Defendants shall engage, at their own expense, an independent third-party monitor ("Independent Monitor") to monitor compliance with the FLSA and the terms of this Amended

Consent Judgment at all facilities where Defendants process poultry.  Starting four months after Defendants retain the Independent Monitor, the Independent Monitor shall conduct at least quarterly unannounced visits to monitor Defendants' worksites, and more frequently if the Independent Monitor or the Acting Secretary determines additional monitoring to be warranted. The Independent Monitor shall be selected from a list of potential monitors provided by the Acting Secretary or as otherwise agreed upon with the Acting Secretary. The monitoring provision shall be in effect for three (3) years from the date of entry of this Amended Consent Judgment.

a.      To ensure Defendants' compliance with the FLSA and this Amended Consent Judgment, the Independent Monitor must document, at a minimum: notes from employee interviews; the name, address, phone number of each employee performing work at the relevant facility and whether the employee is classified as FLSA exempt, FLSA non-exempt; if the employee is paid based on a daily rate; if the employee is paid in cash or by check; the start and end times of each employee's work day for every work day during the period covered by the third-party audit; the regular rate of pay for each employee; the gross weekly straight time and overtime wages owed to each employee for each pay period covered by the third-party audit based on the employee's hours worked and regular rate of pay; and the gross weekly straight time and overtime wages actually paid to each employee for each pay period covered by the third party audit;

b.      The Independent Monitor shall conduct interviews with workers at the facilities where Defendants process poultry.  Such interviews and other communications between workers and the Independent Monitor may be kept confidential (except to authorized representatives of the U.S. Department of Labor) at the option of each worker and copies of all notes and interviews conducted by the monitor must be turned over by the monitor to the District Director, West

Covina office, U.S. Department of Labor, along with the audit report, if requested by the District Director, West Covina office, U.S. Department of Labor.

c.      If Defendants and the Acting Secretary are not able to agree on a monitor, the Acting Secretary may file a motion asking the Court to select the Independent Monitor.

d.      The Independent Monitor shall have the ability to communicate with Defendants' employees in their primary language(s), or, shall be provided with an interpreter as necessary at Defendants' expense.

e.      Defendants shall cooperate fully with the Independent Monitor, including by permitting it to enter facilities where Defendants process poultry without prior notice; inspect the working conditions at such facilities; inspect all books, records, and documents requested by the Independent Monitor, including employee time, payroll, and personnel records; and perform other duties necessary to conduct the monitoring.

f.      Subject to Paragraph 21(h), if the Independent Monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due within 30 days and shall prepare a written report concerning the violations found and payments made, and provide a copy of such report to the District Director of the Wage and Hour Division's West Covina office.

g.      Subject to Paragraph 21(h), if the Independent Monitor directs changes in Defendants' policies and/or procedures, or directs Defendants to take action to comply with the FLSA or regulations issued under the FLSA, Defendants shall be required to do so promptly.

h.      Should Defendants disagree with the findings and/or directives of the Independent Monitor, Defendants shall notify the Acting Secretary in writing within ten (10) business days of receiving the disputed instruction from the

Independent Monitor describing the issues in dispute and explaining the reasons why they disagree with the Independent Monitor. The Acting Secretary shall thereafter make a determination. If Defendants disagree with the Acting Secretary's determination, the Acting Secretary at its discretion may present this issue to the Court for adjudication.

23.     If any Defendant hires, retains or utilizes a third-party service provider to provide labor to process poultry within an establishment owned, operated or controlled by such Defendant ("Defendant's facility"), and/or otherwise to provide timekeeping or payroll services with respect to those workers processing poultry within Defendant's facility, then:

        a.     Defendant shall enter into a written contract with such third-party requiring that the third-party affirmatively:

              i.     acknowledge receipt and review of the Amended Consent Judgment;

              ii.     agree to provide a copy of the Amended Consent Judgment and Exhibit 2 to any employees or workers who work within Defendant's facility;

              iii.     agree to comply with the federal minimum wage, overtime, recordkeeping, and child labor provisions of the FLSA as well as all state law wage requirements;

              iv.     agree to screen all current and future workers to ensure that no oppressive child labor is being employed at Defendant's facility;

              v.     agree to implement and maintain a timekeeping system that accurately records the hours worked by employees consisting of the minimum requirements: employees must clock-in their start time and end time each day; employees must record their own hours and neither the third-party service provider nor Defendant shall clock-in for employees except to correct any timekeeping

errors, such as when an employee fails to appropriately clock-in or out;

                vi.      agree to allow Defendant access to all payroll and timekeeping records it creates for employees working within Defendant's facility;

               vii.      agree to comply with any investigation conducted by the Acting Secretary pursuant to Section 11 of the FLSA, including freely interviewing any employees or workers performing work within Defendants' facility; and

              viii.      agree to quarterly monitoring per the terms set forth in Paragraph 241;

       b.      At Defendant's expense, the Independent Monitor selected pursuant to Paragraph 22 above, shall conduct annual monitoring of any payroll or labor provider to ensure that such provider's payroll and labor practices with respect to the workers processing poultry within Defendant's facility are being compensated in compliance with the FLSA, that no oppressive child labor is being employed within Defendant's facility, and that the third-party is otherwise complying with the above terms of the contract as set forth above in Paragraphs 242(a)(i) to (viii);

       c.      Defendant shall notify the Acting Secretary of any suspected or actual violations of the FLSA which are occurring with respect to any workers performing work within Defendant's facility within three (3) business days of learning of such suspected or actual violations.

    24.    Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, such as other owners of poultry processing companies, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict or blacklist such employee from seeking or obtaining any other work.

25.     Defendants have an ongoing duty to provide the Acting Secretary with access to all records required to be made, kept, or preserved under Section 11 of the FLSA, including all other time, piece rate, employee, and payroll records, upon request and no later than three (3) days after such request is made.

26.     Should Defendants maintain a video monitoring system of employees and/or workers, Defendants shall immediately provide the Acting Secretary with access to review this footage upon request. The requirements of this Paragraph shall remain in effect for a period of at least four (4) years from the date of entry of this Amended Consent Judgment.

27.     Defendants have an ongoing duty to provide an earnings statement to each of their employees, and ensure that any employee employed to assist in the processing of poultry, such as deboners, packers, cleaners, or others, each time they are paid, beginning with the first paycheck issued following entry of this Amended Consent Judgment, with the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-time wages paid; and (9) total overtime wages paid. Defendants shall produce these earnings statements to the Acting Secretary upon request and no later than three (3) days after such request is made.

28.     All documents produced by Defendants as required under this Amended Consent Judgment must be produced in an electronic, searchable format

to the extent Defendants' documents are maintained or may be generated in such a format. If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is produced in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the documents must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

29.     Defendants have an ongoing duty to comply with the FLSA as specified above and in all other respects, including but not limited to the minimum wage requirements under Section 6 of the FLSA, 29 U.S.C. § 206, including compensating employees for any wait time as required under 29 C.F.R. Part 785. Defendants shall also provide any "rest and recovery periods and other nonproductive time" as required under California Labor Code Section 226.2 and compensate any time donning and doffing equipment as required under 29 C.F.R. Part 790; and reimburse any expenses incurred by an employee in furtherance of his employer's interests and properly reimbursable by the employer as required under Section €)(2) of the FLSA, 29 U.S.C. § 207(e)(2), such as expenses incurred by employees in connection with the purchase or maintenance of equipment, tools, clothing, and supplies required for the employee's work.

30.     Defendants, their agents, servants, and employees, and any person in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages, monetary damages, or liquidated damages from the individuals listed on the operative Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Amended Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and

legal damages, including punitive damages and civil contempt.

31.     Defendants have an ongoing duty to comply with the FLSA and maintain payroll practices at any business they own, operate, or control, currently and in the future, as follows:

a.     Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work such as maintaining clothing, tools, and supplies, and donning and doffing; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the number of pieces completed by each workday and workweek, if employee is paid per piece; (4) the total weekly straight-time earnings due for the hours worked during the workweek; (5) the total premium pay for overtime hours; and (6) the dollar value of all equipment, tools, clothing, and supplies paid for and used in or specifically required for the employee's work;

b.     Defendants shall record all wages paid to employees, regardless of the manner of payment, on payroll records;

c.     Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked; and

d.     Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

32.     Upon commencing poultry operations, if Defendants choose to calculate pay through any type of individual production-based system, such as a piece rate system, Defendants shall provide the following written notice to all piece rate employees immediately upon hire (or rehire), and in a language understand to

them, and shall place the notice prominently around the workplace. The notice shall be translated into Spanish and any other language necessary for employees to be able to read the notice, and it shall read as follows:

> *Employees who are paid on a piece rate still get overtime payments. You are entitled to advance notice of any piece rate payment, including exactly how the piece rate is calculated. You are entitled to advance notice if your employer makes any change to the piece rate payment. You are entitled to an individual piece rate and cannot be required to accept a group piece rate. Your regular piece rate payment does NOT include overtime, but it does include straight time pay for all hours worked. If you work more than 40 hours in a work week, your employer must pay you a premium for overtime, above and beyond your piece rate. For example, if you worked 50 hours in a workweek and earned $1,000 from your piece rate work, your employer must pay you $100 in overtime. This amount is calculated by taking your $1,000 pay and dividing it by the 50 hours you worked to get $20 per hour. $20 per hour is your regular rate. The overtime premium means you must get paid 1.5 times of your regular rate. For the extra 10 hours you worked that week, you should have gotten paid $20 x 1.5 = $30 per hour. Since your employer paid you $20/hour, your employer owes you $10 overtime premium for the 10 hours you worked past 40 hours, meaning your employer owes you 10 x $10 or $100. Your employer must give you a pay stub that shows your weekly earnings, how those earnings were calculated, and shows all deductions. Your employer must pay you for any time that you spend putting on or removing tools and clothes you are required to wear for work, such as knives to cut chicken or gloves, robes, and hairnets for your safety and food hygiene. Lastly, your employer must pay you for certain "wait time," such as time spent waiting for poultry to*

*arrive, time spent waiting to count to count the number of boxes of poultry*
*that are cut, and time spent waiting to be paid.*

33.     For purposes of contacting the Acting Secretary under the terms of this Amended Consent Judgment, Defendants shall notify:

> Wage Hour Division, West Covina District Office
>
> Attention: District Director
>
> 100 N. Barranca Street, Suite #850
>
> West Covina, California 91791

### JUDGMENT

34.     **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, in favor of the Acting Secretary as a judgment owed to the United States of America and against Defendants in the total amount of $3,800,000.  This total amount comprises $1,599,140.93 in unpaid overtime and minimum wage compensation; an additional equal amount as liquidated damages, pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216; civil money penalties, which have been assessed and finally determined pursuant to 29 U.S.C. § 216(e), in the amount of $121,104.00 for Defendants' illegal employment of minors and $80,000 for Defendants' minimum wage and overtime violations; $300,000 in punitive damages for retaliation stemming from Defendants' unlawful child labor violations; and $100,614.15 in back wages owed to employees for retaliatory conduct occurring between August 31, 2023, and October 6, 2023, pursuant to the parties First Stipulated Amended Preliminary Injunction (Dkt. 65).

35.     Within one (1) year of entry of this Amended Consent Judgment, the Acting Secretary shall file a supplemental Exhibit 1 listing the amount of back wages, liquidated damages, and other damages paid or to be paid to employees subject to this Amended Consent Judgment.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

36.     Defendants shall pay the monies owed above as follows: Defendants paid an initial payment in the amount of $2,000,000 on November 29, 2023. This payment shall cover the liquidated damages, putative damages, and retaliation back wages. Defendants paid $307,038.76 consisting of $295,038.76 in principal and $12,000 interest on February 5, 2024, covering a portion of the backwages. Defendants shall pay the remaining balance of $1,504,961.24 plus interest at a rate of 8%, per the following schedule:

| Payment Date | Principal | Interest | Total | Type of Payment |
|---|---|---|---|---|
| March 1, 2024 | $595,991.40 | $18,086.12 | $614,077.52 | Back wages |
| April 1, 2024 | $300,978.96 | $6,059.80 | $307,038.76 | Back wages |
| May 1, 2024 | $302,985.49 | $4,053.27 | $307,038.76 | Back wages |
| June 1, 2024 | $305,005.39 | $2,033.37 | $307,038.76 | Back wages/Civil Money Penalties |
| **Total:** | $1,504,961.24 | $30,232.56 | $1,535,193.80 | |

Defendants shall make the back wage and damages payments required by this Amended Consent Judgment (plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference BW Case Number #1983946.  Defendants shall make the civil money penalty payments required by this Amended Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to

https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Civil Money Penalty - WE Region."

37.     In the event of any default in the timely making of any payment due hereunder, the full judgment amount, which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants or, if applicable, their counsel. Upon the Acting Secretary's request, the Court will issue an amended judgment reflecting the amounts due based on Defendant's default.

38.     The Acting Secretary shall distribute the proceeds from the settlement payments described in Paragraphs 34 and 36 in the amounts set forth in Exhibit l, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates.  Any monies not distributed to employees because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). Defendants shall deposit the employer's portion of payroll taxes with the relevant taxing authorities.

**FURTHER, IT IS HEREBY ORDERED THAT**

39.     The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendant.

40.     Defendants hereby waive any and all claims and defenses against the

1  Acting Secretary and her representatives that they could have brought as of the
2  date of the entry of the Amended Consent Judgment, including any claims or
3  defenses arising from the Acting Secretary's execution of the search warrants of
4  the properties located at 15268 Proctor Ave., City of Industry, CA 91745 and 218
5  South 8th Ave., La Puente, CA 91746 on September 28, 2023, and agree not to
6  appeal entry of this Amended Consent Judgment and Permanent Injunction.

7       41.    Each Party shall bear its own fees and other expenses incurred by such
8  Party in connection with any stage of this proceeding, including but not limited to
9  attorneys' fees, which may be available under the Equal Access to Justice Act, as
10 amended.

11      42.    The Court shall retain jurisdiction of this action for purposes of
12 enforcing compliance with the terms of this Amended Consent Judgment.

14 IT IS SO ORDERED

16 Dated: ___February 20, 2024___, 2023

HON. MARK C. SCARSI
United States District Judge

23 Consented to by:

24 /s/ _____                    Date: ~~November 15, 2023~~ 15 February 2024
25 Anthony K. McClaren, Esq.
26 Attorney for Defendants Tony Bran
   and The Exclusive Poultry, Inc.

Date: 02/15/24

Tony Bran
Defendant

Date: 02/15/24

The Exclusive Poultry, Inc.
Defendant

For Plaintiff Acting Secretary of Labor,
United States Department of Labor

SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
ANDREW M. KATZ
SONYA SHAO
Senior Trial Attorneys

/s/                                          Date:  February 15, 2024

NISHA PAREKH
Trial Attorney
*Attorneys for Plaintiff Julie A. Su,*
*United States Acting Secretary of Labor*

# EXHIBIT 1

| First Name | Last Name | Week Started | Week Ended |
|---|---|---|---|
| Abel | Coy | 1/23/2022 | 10/8/2023 |
| Adamaris | Rios | 4/10/2022 | 7/23/2023 |
| Adan Adolfo | Paau Pop | 2/27/2022 | 2/27/2022 |
| Adolfo | Castro | 11/20/2022 | 11/27/2022 |
| Agustin | Ignacio | 8/9/2020 | 8/28/2022 |
| Agusto | Tec | 12/18/2022 | 10/8/2023 |
| Alba Delia | Sanchez Barrios | 1/16/2022 | 4/23/2023 |
| Alberto | Perez | 3/20/2022 | 10/1/2023 |
| Alberto Isaias | Reynoso Larios | 2/27/2022 | 8/28/2022 |
| Alejandra | Reyes | 3/19/2023 | 10/8/2023 |
| Alejandro | Argeta | 11/20/2022 | 11/27/2022 |
| Alejandro | Martines | 9/24/2023 | 10/1/2023 |
| Alexander | Larios | 12/11/2022 | 7/9/2023 |
| Alexander | Macario | 1/8/2023 | 6/4/2023 |
| Alexander | Xol | 10/23/2022 | 10/8/2023 |
| Alfonso | Garcia | 9/4/2022 | 11/27/2022 |
| Alfredo | Iquila | 10/29/2022 | 11/27/2022 |
| Alfredo | Isig | 11/20/2022 | 12/4/2022 |
| Ali | Merino | 12/24/2022 | 8/13/2023 |
| Alma | Chavez | 8/9/2020 | 9/23/2023 |
| Alvarado | Cruz | 8/6/2023 | 8/6/2023 |
| Alvaro | Choc | 12/11/2022 | 4/9/2023 |
| Alvaro | Ical | 8/9/2020 | 10/8/2023 |
| Alvaro | Mucul | 2/19/2023 | 2/19/2023 |
| Alvaro Reginaldo | Cuz Pop | 1/15/2023 | 10/8/2023 |
| Alvaro Rene | Choc Mucu | 2/26/2023 | 10/8/2023 |
| Andrea | Valtierra | 1/2/2022 | 10/8/2023 |
| Andres | Coy | 2/19/2023 | 10/8/2023 |
| Andres | Salanic | 12/24/2022 | 1/1/2023 |
| Angel | Cac | 11/6/2022 | 11/6/2022 |

| | | | |
|---|---|---|---|
| 1 | Angel | Gonzales | 3/27/2022 | 10/30/2022 |
| 2 | Angel | Ical | 11/13/2022 | 10/8/2023 |
| 3 | Angel | Ixim | 7/3/2022 | 10/8/2023 |
| 4 | Angelica | Cucul | 5/1/2022 | 10/16/2022 |
| 5 | Angelica | Lopez | 3/12/2023 | 3/12/2023 |
| 6 | Angie | Garcia | 2/13/2022 | 2/13/2022 |
| 7 | Antemante | Cruz | 3/19/2023 | 10/8/2023 |
| 8 | Antonio | Caal-Xol | 1/21/2023 | 3/25/2023 |
| 9 | Antonio | Miranda | 5/21/2023 | 6/11/2023 |
| 10 | Antonio | Raya | 5/14/2023 | 5/14/2023 |
| 11 | Antonio | Torres | 11/6/2022 | 11/6/2022 |
| 12 | Araceli | Castaneda | 8/9/2020 | 10/8/2023 |
| 13 | Armando | Alvarado | 8/9/2020 | 4/16/2023 |
| 14 | Armando | Perebal | 9/11/2022 | 3/26/2023 |
| 15 | Arnoldo | Caal | 11/27/2022 | 4/16/2023 |
| 16 | Arnoldo | Tol | 8/9/2020 | 10/8/2023 |
| 17 | Arturo | Flores | 8/9/2020 | 8/28/2022 |
| 18 | Arturo | Monroy | 9/25/2022 | 9/17/2023 |
| 19 | Arturo | Unknown | 1/16/2022 | 3/6/2022 |
| 20 | Arturo | Venegas Tovar | 8/9/2020 | 10/8/2023 |
| 21 | Asevedo | Ernesto | 8/27/2023 | 9/3/2023 |
| 22 | Assaria | Hernandez | 1/22/2022 | 9/30/2022 |
| 23 | Audelina | Asig | 1/15/2023 | 5/21/2023 |
| 24 | Axel | Caal | 9/18/2022 | 8/27/2023 |
| 25 | Axel | Coy | 9/25/2022 | 10/2/2022 |
| 26 | Axel | Ical | 8/6/2023 | 9/10/2023 |
| 27 | Bartolo | Palomares | 9/11/2022 | 10/8/2023 |
| 28 | Beni | Monroy | 1/9/2022 | 7/17/2022 |
| | Bernardo | No Last Name | 4/10/2022 | 4/10/2022 |
| | Bernardo | Perez | 10/30/2022 | 11/20/2022 |
| | Blanca | Lemus | 9/24/2023 | 10/8/2023 |
| | Brandon | Reynoso | 12/4/2022 | 10/8/2023 |
| | Brian | Cordova | 1/15/2023 | 1/15/2023 |
| | Brigida A. | Sales | 1/23/2022 | 1/22/2023 |
| | Carla | Espinoza | 5/14/2023 | 5/14/2023 |

| | | | |
|---|---|---|---|
| Carlos | Camey | 10/16/2022 | 10/1/2023 |
| Carlos | Cuc | 2/20/2022 | 6/5/2022 |
| Carlos | Medina Edmundo | 6/17/2023 | 10/8/2023 |
| Carlos | Guegue Choc | 3/12/2023 | 3/12/2023 |
| Carlos | Huehue | 4/16/2023 | 10/8/2023 |
| Carlos | Medina | 12/10/2022 | 12/17/2022 |
| Carlos | Unknown | 9/10/2023 | 9/10/2023 |
| Carlos | Octaviano | 10/2/2022 | 6/4/2023 |
| Carlos | Pop | 8/20/2023 | 8/20/2023 |
| Carlos | Rolando Xol Tiul | 10/30/2022 | 10/8/2023 |
| Carlos | Xol | 3/6/2022 | 10/1/2023 |
| Carlos Guegue | Choc | 12/24/2022 | 12/24/2022 |
| Carmen | Caal | 5/22/2022 | 6/19/2022 |
| Celmira | Obanda | 3/5/2022 | 3/12/2022 |
| Celmirai | Unknown | 2/13/2022 | 2/13/2022 |
| Cesar | Coy | 3/20/2022 | 6/12/2022 |
| Cesar | Meza | 7/3/2022 | 7/31/2022 |
| Cesar | Salas | 9/25/2022 | 10/8/2023 |
| Cesar Eduardo | Coc Cuc | 4/17/2022 | 10/2/2022 |
| Cesar Josue | Pap Chub | 5/28/2023 | 9/17/2023 |
| Chendo | Caal | 2/12/2023 | 2/12/2023 |
| Chiapas | Unknown | 2/13/2022 | 7/24/2022 |
| Claudia | Elias | 1/15/2023 | 10/8/2023 |
| Cristian | Manuel | 12/4/2022 | 12/18/2022 |
| Cristina | Garcia | 5/14/2023 | 5/14/2023 |
| Cristina | Tec | 2/27/2022 | 6/5/2022 |
| Cristobal | Caal | 1/31/2021 | 10/8/2023 |
| Cristobal | Mejia | 9/25/2022 | 2/26/2023 |
| Cristobal | Rangeal Mejia Portillo | 3/6/2022 | 8/28/2022 |
| Dalila Selena | Romero Maroquin | 12/11/2022 | 5/21/2023 |
| Daniel | Cuc Caal | 7/23/2023 | 10/8/2023 |
| Daniel | Garcia | 4/23/2023 | 4/23/2023 |
| Dany Geobany | Larios Reynoso | 10/3/2021 | 9/17/2023 |
| Dario | Tol | 1/2/2022 | 10/8/2023 |
| David | Lopez | 5/7/2023 | 10/8/2023 |

| | | | | |
|---|---|---|---|---|
| 1 | David | Rios | 1/22/2023 | 1/22/2023 |
| 2 | David Hector | Venegas Vasquez | 1/16/2022 | 10/8/2023 |
| 3 | Dennis | Chop | 2/26/2023 | 6/4/2023 |
| 4 | Dionicio Wilfredo | Raxxol | 6/4/2023 | 10/8/2023 |
| 5 | Dona | Chuy | 3/13/2022 | 3/12/2023 |
| 6 | Dulce | Juarez | 1/22/2023 | 10/8/2023 |
| 7 | Eamnuel | Unknown | 1/23/2022 | 1/23/2022 |
| 8 | Edgar | Cuz | 12/11/2022 | 10/8/2023 |
| 9 | Edgar | Putal | 10/16/2022 | 1/1/2023 |
| 10 | Edi | Dias | 10/8/2023 | 10/8/2023 |
| 11 | Edin | Cac | 5/29/2022 | 3/26/2023 |
| 12 | Edin | Diaz | 5/22/2022 | 10/1/2023 |
| 13 | Eduardo | Ayon | 7/3/2022 | 7/17/2022 |
| 14 | Eduardo | Caal | 3/20/2022 | 9/4/2022 |
| 15 | Eduardo | Cuc | 6/19/2022 | 9/24/2023 |
| 16 | Eduardo | Gordo | 1/9/2022 | 11/27/2022 |
| 17 | Eduardo | Santilan | 2/12/2023 | 2/12/2023 |
| 18 | Edwin | Chan | 9/25/2022 | 10/8/2023 |
| 19 | Edwin | Reynoso | 8/9/2020 | 10/8/2023 |
| 20 | Edwin Adonay | Mejia Portillo | 9/11/2022 | 2/5/2023 |
| 21 | Edy | Ordonez | 4/9/2022 | 4/16/2022 |
| 22 | Elias | Rax | 2/12/2023 | 3/12/2023 |
| 23 | Eliseo | Caal | 3/27/2022 | 3/26/2023 |
| 24 | Elizeo | Vargas | 3/26/2023 | 10/1/2023 |
| 25 | Elza | Perez | 7/10/2022 | 10/8/2023 |
| 26 | Emanuel | Unknown | 1/16/2022 | 2/27/2022 |
| 27 | Emanuel | Parra Avila | 8/29/2021 | 10/8/2023 |
| 28 | Emili | Caal | 3/27/2022 | 3/27/2022 |
| | Emilio | Cortez | 8/21/2022 | 8/28/2022 |
| | Emilio | Pap | 11/13/2022 | 10/8/2023 |
| | Enrique David | Vazquez | 2/20/2022 | 1/8/2023 |
| | Ernesto | Orday | 9/10/2023 | 9/10/2023 |
| | Ernesto | Ordaz | 8/9/2020 | 10/8/2023 |
| | Ervin | Ical | 2/26/2023 | 10/8/2023 |
| | Eva | Lopez | 7/3/2022 | 7/17/2022 |

| | | | |
|---|---|---|---|
| Fabian | Choc | 9/25/2022 | 10/8/2023 |
| Fernando | Torrez | 2/27/2022 | 2/27/2022 |
| Fernando | Venegas | 9/10/2023 | 9/10/2023 |
| Francisco | Ajcal | 4/22/2023 | 10/8/2023 |
| Francisco | Chan | 9/25/2022 | 10/8/2023 |
| Francisco | Coy | 8/20/2023 | 10/8/2023 |
| Franklin | Ramirez | 9/10/2022 | 2/26/2023 |
| Fredi | Ical | 1/8/2023 | 10/8/2023 |
| Fredi | Xi | 11/13/2022 | 11/13/2022 |
| Gaudencio | Tec | 3/6/2022 | 10/8/2023 |
| Gerardo | Tun | 4/16/2023 | 9/10/2023 |
| Gerardo | Venegas Tovar | 8/9/2020 | 10/8/2023 |
| German | Ical | 1/22/2023 | 10/8/2023 |
| German Eduardo | Quexica | 8/9/2020 | 8/28/2022 |
| Gerson | Ical | 2/5/2022 | 10/8/2023 |
| Gerson | Reynoso | 12/4/2022 | 12/4/2022 |
| Glenda | Ruiz | 4/30/2022 | 11/12/2022 |
| Hector | Ich | 8/29/2021 | 10/8/2023 |
| Hector | Tec | 3/6/2022 | 3/6/2022 |
| Hector | Tinoco | 1/9/2022 | 10/30/2022 |
| Hilda | Unknown | 4/16/2023 | 4/16/2023 |
| Hugo | Alfredo | 12/4/2022 | 1/22/2023 |
| Hugo | Santana | 1/23/2022 | 11/13/2022 |
| Hugo Alfredo | Iquila | 8/29/2021 | 8/28/2022 |
| Ibrahan | Domingo | 4/30/2023 | 4/30/2023 |
| Iris | Ical | 4/23/2023 | 4/30/2023 |
| Isaac | Perez | 9/25/2022 | 10/8/2023 |
| Jaime | Chocoj | 9/24/2023 | 10/8/2023 |
| Javier | Caal | 7/9/2023 | 7/9/2023 |
| Javier | Coy | 9/3/2023 | 9/24/2023 |
| Javier | Rax Xol | 9/25/2022 | 10/1/2023 |
| Jefferson | Menjivar Samayoa | 5/22/2022 | 4/2/2023 |
| Jeiver | Coy | 1/23/2022 | 10/8/2023 |
| Jennifer Estaphanie | Lopez | 8/13/2023 | 8/13/2023 |

| | | | |
|---|---|---|---|
| Jerman | Ical | 7/30/2023 | 9/3/2023 |
| Jerson | Ical | 3/12/2022 | 11/26/2022 |
| Jerson | Reynosa | 8/29/2021 | 8/28/2022 |
| Jesus | Venegas Tovar | 1/23/2022 | 11/20/2022 |
| Jocelyn | Maribel Itorioga Venga | 1/9/2022 | 1/16/2022 |
| Joel | Caal | 3/27/2022 | 8/21/2022 |
| Johana | Mendez | 2/20/2022 | 10/8/2023 |
| Jorge | Meza | 7/3/2022 | 7/17/2022 |
| Jorge | Sosa | 1/15/2023 | 1/15/2023 |
| Jorge | Valtierra | 8/9/2020 | 3/26/2023 |
| Jose | Argueta | 2/13/2022 | 4/17/2022 |
| Jose | Carino | 12/10/2022 | 12/24/2022 |
| Jose | Garcia | 1/16/2022 | 10/8/2023 |
| Jose | Islas Pom | 3/12/2023 | 10/8/2023 |
| Jose Antonio | Gudino Romero | 8/9/2020 | 8/28/2022 |
| Josefina | C | 1/21/2023 | 3/11/2023 |
| Josue | Xol Cuc | 12/11/2022 | 10/8/2023 |
| Juan | Coc | 1/8/2023 | 7/23/2023 |
| Juan | Oliverio Tec Coc | 12/18/2022 | 4/23/2023 |
| Juan | Saldana | 8/9/2020 | 10/8/2023 |
| Juan | Samuel | 8/29/2021 | 10/8/2023 |
| Juan | Vargas | 7/3/2022 | 7/17/2022 |
| Juan Carlos | Octaviano | 8/9/2020 | 8/28/2022 |
| Juan Jose | Garcia | 8/9/2020 | 8/28/2022 |
| Juana | Topia Diaz | 9/30/2023 | 9/30/2023 |
| Juanito | Cuc | 3/27/2022 | 12/4/2022 |
| Julia | Vasquez | 8/9/2020 | 10/8/2023 |
| Julio | Ramos | 8/9/2020 | 10/8/2023 |
| Julio | Rodrigo | 6/17/2023 | 10/8/2023 |
| Julisa | Santos | 4/16/2023 | 6/4/2023 |
| Justino | Felix | 4/9/2023 | 7/2/2023 |
| Keylin | Castro | 5/8/2022 | 12/4/2022 |
| Laidy | Pap | 5/1/2022 | 4/2/2023 |
| Lamberto | Morales | 12/4/2022 | 12/4/2022 |
| Laura | Casahuamam | 8/9/2020 | 10/8/2023 |

| | | | |
|---|---|---|---|
| Leonardo | Poptec | 11/13/2022 | 11/13/2022 |
| Leticia | Meza | 2/27/2022 | 5/8/2022 |
| Leticia | Vasquez | 2/26/2023 | 10/8/2023 |
| Lisseth | Velazques Gonzales | 1/22/2023 | 2/12/2023 |
| Lucia | Mendez | 1/9/2022 | 12/4/2022 |
| Luis | Caal | 1/31/2021 | 10/1/2023 |
| Luis | De La Torre | 9/4/2022 | 9/4/2022 |
| Luis | Felipe | 1/29/2023 | 1/29/2023 |
| Luis | Villa | 2/13/2022 | 8/14/2022 |
| Lupita | Ron | 9/4/2022 | 1/29/2023 |
| Mana | Ovarra | 3/5/2022 | 3/5/2022 |
| Manuel | Bonilla Zaragoza | 1/15/2023 | 4/9/2023 |
| Manuel | Coy | 2/12/2023 | 6/4/2023 |
| Manuel | Larios | 10/9/2022 | 10/1/2023 |
| Manuel | Perez | 9/11/2022 | 10/8/2023 |
| Manuel | Pom | 4/2/2023 | 10/8/2023 |
| Manuel Larios | Xaper | 8/9/2020 | 8/28/2022 |
| Marco | Bonilla | 8/13/2023 | 8/13/2023 |
| Marco Antonia | Lara | 9/17/2022 | 10/8/2023 |
| Marcos | Caal | 6/19/2022 | 6/19/2022 |
| Marcos | Chocaj | 7/3/2022 | 10/2/2022 |
| Marcos | Putul | 3/12/2023 | 3/12/2023 |
| Margarita | Corrales | 9/4/2022 | 10/8/2023 |
| Maria | Cotom | 9/11/2022 | 10/8/2023 |
| Maria | Cuc | 5/22/2022 | 6/5/2022 |
| Maria | Jesus | 9/25/2022 | 10/2/2022 |
| Maria | Mendoza | 5/7/2023 | 5/7/2023 |
| Maria | Montenegro Cruz | 11/13/2022 | 10/8/2023 |
| Maria | Renteria | 9/24/2023 | 10/8/2023 |
| Maria | Tovar | 1/8/2022 | 5/6/2023 |
| Maria | Tovar Orozco | 2/27/2022 | 2/27/2022 |
| Maria Elena | Perez | 8/9/2020 | 9/26/2021 |
| Maria Jeronimo | Tovar Orozco | 7/4/2021 | 12/26/2021 |
| Mariana | Ruiz | 8/29/2021 | 8/28/2022 |
| Mariano | Caal | 2/7/2021 | 10/8/2023 |

| | | | |
|---|---|---|---|
| 1 | Maribel | Lopez | 7/3/2022 | 12/4/2022 |
| 2 | Mario | Dominguez-Jimenez | 1/8/2022 | 6/3/2023 |
| 3 | Marisol | Lucas | 10/2/2022 | 11/13/2022 |
| | Marisol | romero | 12/24/2022 | 3/19/2023 |
| 4 | Marlene | Lopez | 8/9/2020 | 8/28/2022 |
| 5 | Marleny | Cnoc | 9/30/2023 | 9/30/2023 |
| 6 | Marleny | Cucul Xol | 6/4/2023 | 6/4/2023 |
| | Marleny | Lopez | 9/4/2022 | 10/8/2023 |
| 7 | Marta | Choc | 9/3/2023 | 10/8/2023 |
| 8 | Marta Cuz | Perez | 11/7/2021 | 7/31/2022 |
| 9 | Martha | Choc | 2/26/2023 | 9/10/2023 |
| 10 | Martin | Lopez | 9/11/2022 | 9/18/2022 |
| | Martin | Morales | 10/9/2022 | 10/16/2022 |
| 11 | Martin | Renteria | 10/23/2022 | 9/17/2023 |
| 12 | Martina | Garcia | 1/9/2022 | 6/5/2022 |
| 13 | Martina | Venegas | 8/9/2020 | 11/17/2022 |
| 14 | Marvin | Caal | 9/17/2023 | 10/1/2023 |
| | Marvin | Cac | 10/29/2022 | 4/30/2023 |
| 15 | Marvin | Coc Cuc | 8/27/2023 | 9/10/2023 |
| 16 | Marvin | Efrain | 9/4/2022 | 4/2/2023 |
| 17 | Marvin | Ical | 9/11/2022 | 10/8/2023 |
| 18 | Marvin | Iquila | 10/29/2022 | 11/27/2022 |
| | Marvin | Unknown | 10/8/2023 | 10/8/2023 |
| 19 | Marvin Alfredo | Coc Cuc | 8/9/2020 | 8/28/2022 |
| 20 | Mary | Lopez | 1/22/2023 | 1/22/2023 |
| 21 | Mateo | Ac | 1/1/2023 | 9/10/2023 |
| | Mauriero | Chavez | 11/6/2022 | 11/6/2022 |
| 22 | Melvin | Choc | 1/9/2022 | 3/6/2022 |
| 23 | Melvin | Ich | 7/2/2023 | 7/16/2023 |
| 24 | Miguel Angel | Ical | 3/27/2022 | 8/28/2022 |
| 25 | Milsa | Romero | 1/31/2021 | 10/8/2023 |
| | Miriam | Fuentes | 9/3/2023 | 10/8/2023 |
| 26 | Misael | Lopez | 2/26/2023 | 2/26/2023 |
| 27 | Misael | Mendez | 2/20/2022 | 1/29/2023 |
| 28 | Monica | Zaragoza | 1/8/2022 | 8/20/2022 |

| | | | |
|---|---|---|---|
| Nelson | Chob | 9/10/2022 | 11/26/2022 |
| Nelson | Pec | 8/9/2020 | 8/28/2022 |
| Nelson | Tec | 10/2/2022 | 8/13/2023 |
| Nelson Arnoldo | Chub Ical | 1/29/2023 | 10/8/2023 |
| Nereida | Unknown | 1/16/2022 | 1/16/2022 |
| Nicolas | Mo | 4/30/2022 | 9/3/2022 |
| Noe | Granados | 8/9/2020 | 8/21/2022 |
| Noe | Gutierrez | 7/3/2022 | 7/17/2022 |
| Noe | Sosa | 1/8/2023 | 4/30/2023 |
| Norberto | Sanchez | 9/4/2022 | 10/8/2023 |
| Norberto | Sunday | 9/3/2023 | 9/3/2023 |
| Odilia | Caal | 3/19/2023 | 3/19/2023 |
| Oileny | Choe | 9/30/2023 | 9/30/2023 |
| Oliveiro | Tec | 2/20/2022 | 11/13/2022 |
| Oliver | Tec | 6/18/2023 | 10/8/2023 |
| Oliver Tomas | Larios Reynoso | 8/9/2020 | 9/10/2023 |
| Oliverio | Caal | 8/9/2020 | 8/28/2022 |
| Oliverio | Ical | 1/22/2023 | 10/8/2023 |
| Oliviero | Tec | 9/10/2023 | 9/10/2023 |
| Olvidio | Ical | 8/20/2023 | 10/8/2023 |
| Omar | Murillo | 5/14/2023 | 5/14/2023 |
| Oscar | Carillo | 12/20/2020 | 8/28/2022 |
| Oscar | Pap | 2/5/2023 | 2/5/2023 |
| Oscar | Camey | 10/8/2023 | 10/8/2023 |
| Oscar Emilio | Pacxi | 3/7/2021 | 8/28/2022 |
| Ovidio | Ical | 3/20/2022 | 8/20/2023 |
| Pablo | Choc | 1/23/2022 | 10/8/2023 |
| Paola | Mendez | 1/9/2022 | 11/13/2022 |
| Paola | No last Name | 10/8/2023 | 10/8/2023 |
| Pau K | Chang | 9/11/2022 | 10/8/2023 |
| Pedro | Ax | 4/16/2023 | 4/30/2023 |
| Pedro | Coy | 8/29/2021 | 9/17/2023 |
| Pedro Alfonso | Tzib | 10/16/2022 | 10/16/2022 |
| Piero | Munoz | 4/23/2022 | 9/3/2022 |
| Pricila | Romero | 11/13/2022 | 11/13/2022 |

| | | | |
|---|---|---|---|
| Rafael | Unknown | 2/13/2022 | 2/13/2022 |
| Rafael | Reynoso | 8/9/2020 | 8/28/2022 |
| Rafael | Soria | 9/25/2022 | 11/20/2022 |
| Rafael | Villareal | 8/28/2022 | 8/28/2022 |
| Raguel | Rivas | 8/6/2023 | 8/6/2023 |
| Ramiro | Ical | 2/20/2022 | 10/1/2023 |
| Ramiro | Reyes | 1/23/2022 | 10/8/2023 |
| Ramiro | Sanchez | 9/4/2022 | 10/8/2023 |
| Ramiro | Sanchez Cabral | 8/9/2020 | 8/28/2022 |
| Ramos | Cruz | 6/19/2022 | 6/19/2022 |
| Raymundo | Rojas | 9/17/2023 | 9/17/2023 |
| Raymundo | Rojo | 2/12/2023 | 10/1/2023 |
| Rene | Choc | 9/25/2022 | 12/4/2022 |
| Reyes | Merino | 9/24/2023 | 10/8/2023 |
| Ricardo | Armando | 8/29/2021 | 8/28/2022 |
| Ricardo | Choc | 2/26/2023 | 10/8/2023 |
| Ricardo | Gomez | 3/26/2023 | 6/25/2023 |
| Ricardo | Marcelo | 12/4/2022 | 12/4/2022 |
| Ricardo | Unknown | 10/8/2023 | 10/8/2023 |
| Ricardo | Rax | 3/13/2022 | 9/17/2023 |
| Ricardo | Xol | 7/30/2023 | 10/1/2023 |
| Rigo | Meza | 7/3/2022 | 7/17/2022 |
| Rodolfo | Cac | 4/16/2023 | 8/13/2023 |
| Rodolfo | Choc | 4/23/2022 | 12/4/2022 |
| Rodolfo | Guegue | 2/12/2023 | 3/26/2023 |
| Rodolfo | Huehue | 11/13/2022 | 10/8/2023 |
| Rodolfo | Ical | 6/4/2023 | 6/4/2023 |
| Rogelio Efrain | Ixim Chub | 3/12/2023 | 3/12/2023 |
| Rolando | Caal | 1/16/2022 | 9/4/2022 |
| Rolando | Choc | 4/2/2023 | 9/10/2023 |
| Romelia | Cuz | 12/11/2022 | 10/8/2023 |
| Romino | Sanchez | 3/12/2023 | 3/12/2023 |
| Roni | Ical | 9/17/2023 | 9/17/2023 |
| Roni | Pap | 9/3/2023 | 10/8/2023 |
| Roni | Tec | 4/2/2023 | 10/8/2023 |

| | | | |
|---|---|---|---|
| Ronny | Pap | 1/15/2023 | 10/1/2023 |
| Rony | Pep | 8/9/2020 | 8/28/2022 |
| Rosalba | Jimenez | 1/22/2023 | 10/8/2023 |
| Rosalia | Ramirez | 7/16/2023 | 8/6/2023 |
| Rosalinda | Morales | 7/23/2023 | 10/8/2023 |
| Ruben | Caal | 9/25/2022 | 10/8/2023 |
| Ruben | Chocoj | 9/25/2022 | 10/2/2022 |
| Ruperto | Granados | 8/9/2020 | 8/28/2022 |
| Sandra | Garcia | 9/10/2022 | 10/8/2023 |
| Sandra | Marroquin | 9/18/2022 | 10/8/2023 |
| Santiago | Cruz | 1/22/2023 | 7/16/2023 |
| Santiago | Perez | 9/30/2023 | 10/8/2023 |
| Santoc | Coc | 7/3/2022 | 7/24/2022 |
| Santos | Cuc | 6/19/2022 | 11/6/2022 |
| Sebastian | Putul | 1/8/2023 | 4/23/2023 |
| Selvin | Ical | 10/9/2022 | 10/8/2023 |
| Selvin | Ich | 1/15/2023 | 1/15/2023 |
| Sergio | Banuelos | 9/25/2022 | 9/25/2022 |
| Sergio | Beb | 1/1/2023 | 2/19/2023 |
| Sergio | Gerardo | 8/9/2020 | 8/28/2022 |
| Sergio | Hernandez | 2/27/2022 | 1/22/2023 |
| Silvia | Unknown | 5/1/2022 | 5/1/2022 |
| Silvin | Ich | 7/23/2023 | 8/20/2023 |
| Sofia | Caal | 9/17/2023 | 9/17/2023 |
| Sofia | Cuc | 1/29/2023 | 10/8/2023 |
| Sofia | UNKNOWN | 10/8/2023 | 10/8/2023 |
| Sofia Galenana | Mendez | 12/17/2022 | 9/30/2023 |
| Sonia | Cuz Floricelda Caal | 10/8/2023 | 10/8/2023 |
| Stacy | Lopez | 2/19/2023 | 10/8/2023 |
| Stcysi | Rios | 8/27/2023 | 8/27/2023 |
| Sucely | Chub Tec | 10/8/2023 | 10/8/2023 |
| Susan | Poptec | 11/13/2022 | 11/27/2022 |
| Susana | Menjivar Samayoa | 1/16/2022 | 3/19/2023 |
| Teodoro | Coc | 9/17/2023 | 9/17/2023 |
| Valentin | Ramirez | 9/25/2022 | 10/9/2022 |

| | | | |
|---|---|---|---|
| Vartolo | Palomares | 1/31/2021 | 8/28/2022 |
| Ventura | Rojas Rios | 3/13/2022 | 10/8/2023 |
| Vicente | Cuc Caal | 1/15/2023 | 10/8/2023 |
| Victor | Mo | 9/10/2022 | 11/26/2022 |
| Victor | Rax | 12/18/2022 | 10/8/2023 |
| Victor | Santana | 1/29/2023 | 9/17/2023 |
| Vilma | Morales | 2/19/2023 | 2/19/2023 |
| Walter | Ical | 2/5/2022 | 10/8/2023 |
| Wiliam | Choc Ax | 9/24/2023 | 9/24/2023 |
| Wilian | Xol | 9/17/2023 | 9/17/2023 |
| William | Caal | 1/23/2022 | 8/27/2023 |
| William | Chan | 4/3/2022 | 9/10/2023 |
| William | Choc | 3/26/2023 | 6/11/2023 |
| Willy | Reynoso | 8/9/2020 | 10/8/2023 |
| Wilser | Chub | 8/21/2022 | 8/21/2022 |
| Wilson | Choc | 2/26/2023 | 2/26/2023 |
| Wilson | Pan | 9/25/2022 | 4/9/2023 |
| Yolanda | Aguilar | 5/28/2023 | 10/8/2023 |
| Yolanda | Vasquez Bernal | 8/9/2020 | 10/8/2023 |
| Yulali | Xol | 4/10/2022 | 10/8/2023 |
| Unknown | Unknown | 11/6/2022 | 12/11/2022 |
| Unknown | Unknown | 5/15/2022 | 6/12/2022 |
| Unknown | Unknown | 10/9/2022 | 10/16/2022 |
| Unknown | Unknown | 10/9/2022 | 10/16/2022 |
| Unknown | Unknown | 9/11/2022 | 9/11/2022 |
| Unknown | Unknown | 10/16/2022 | 10/16/2022 |
| Unknown | Unknown | 11/27/2022 | 11/27/2022 |
| Unknown | Unknown | 6/26/2022 | 11/6/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| Unknown | Unknown | 8/9/2020 | 8/28/2022 |

| | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
|---|---|---|---|---|
| 1 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 2 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 3 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 4 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 5 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 6 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 7 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| 8 | Unknown | Unknown | 8/9/2020 | 8/28/2022 |
| | Unknown | Unknown | 11/6/2022 | 11/6/2022 |
| 9 | Unknown | Unknown | 1/9/2022 | 1/16/2022 |
| 10 | Unknown | Unknown | 2/13/2022 | 2/13/2022 |
| | Unknown | Unknown | 12/11/2022 | 12/11/2022 |
| 11 | Unknown | Unknown | 12/11/2022 | 12/11/2022 |
| 12 | Unknown | Unknown | 3/27/2022 | 12/4/2022 |
| 13 | Unknown | Unknown | 3/27/2022 | 12/4/2022 |
| | Unknown | Unknown | 3/27/2022 | 12/4/2022 |
| 14 | Unknown | Unknown | 7/24/2022 | 8/14/2022 |
| 15 | Unknown | Unknown | 9/4/2022 | 9/18/2022 |
| 16 | Unknown | Unknown | 4/24/2022 | 5/1/2022 |
| 17 | Unknown | Unknown | 3/27/2022 | 12/18/2022 |
| | Unknown | Unknown | 2/27/2022 | 10/30/2022 |
| 18 | Unknown | Unknown | 4/24/2022 | 8/14/2022 |

# EXHIBIT 2

## <u>NOTICE TO EMPLOYEES OF YOUR RIGHTS UNDER THE FLSA</u>

There are state, local, and federal laws related to your workplace rights.  The Department of Labor (DOL) enforces the Fair Labor Standards Act (FLSA).

<u>YOUR IMMIGRATION STATUS DOES NOT MATTER AND DOES NOT IMPACT YOUR WORKPLACE RIGHTS</u>

Under the FLSA, your employer must pay you:
 1)  Federal minimum wage ($7.25 per hour) for all hours worked.  (Your employer may owe you a higher minimum wage under California or local law.)
 2)  Overtime pay if you work more than forty hours per week.

You must be paid for all work you do for your employer. This might include: cutting chicken, throwing away garbage, moving chicken around the warehouse, cleaning your work station and work tools, sharpening your knives, wearing or removing required clothes and tools, waiting to count how many boxes of chicken you have cut, waiting for chicken to arrive if your employer instructs you to wait, and other activities your employer requires you to do.

Your employer must correctly document and report each hour you work and all pay you receive.

**It is illegal for anyone to harm you because you talked to a DOL representative, participated in a DOL investigation, or spoke up about your workplace rights.  It is illegal for your employer to take the following actions because you exercised your rights:**

- o  Scream threats at you;
- o  Reduce your work hours or your pay;
- o  Fire you or fire any friends or relatives that work with you;
- o  Refuse to pay you for all hours you work;
- o  Refuse to hire you, or a relative or friend of yours;
- o  Report you to the government for deportation;
- o  Threaten you with legal problems or threaten to use their lawyer to harm you;
- o  Make any other threat or take any harmful action against you.

It is also illegal for anybody to make you sign a document in which you promise to tell a judge or any representative of the DOL false information about the hours you work, pay you receive, or anything else related to your FLSA rights.  Any document you have signed promising to tell false information to a judge or anyone else has no legal value and cannot be used against you.

**If any of these actions occur, please immediately contact the DOL hotline at (866) 487-9243**

### AVISO A LOS EMPLEADOS DE SUS DERECHOS BAJO LA FLSA

Existen leyes estatales, locales y federales relacionadas con sus derechos laborales.  El Departamento de Trabajo (DOL) hace cumplir La Ley de Normas Justos De Trabajo (FLSA en inglés).

### SU ESTATUS MIGRATORIO NO IMPORTA Y NO AFECTA SUS DERECHOS LABORALES.

Según la FLSA, su empleador debe pagarle:

1) Salario mínimo federal ($7.25 por hora) por todas las horas trabajadas.  (Su empleador puede deberle un salario mínimo más alto bajo la ley del estado de California o las leyes locales.)

2) Pago de overtime por horas extras si trabaja más de cuarenta horas por semana.

Se le debe pagar por todo el trabajo que haga para su empleador.  Esto podría incluir: cortar pollo, recoger huesos, mover pollo de un lugar a otro dentro de la planta, limpiar su estación de trabajo y su herramienta, filar sus cuchillos, ponerse o quitarse la ropa o la herramienta requerida para hacer su trabajo, esperar por contar el número de cajas cortadas, esperar por el pollo si su empleador le dice que tiene que esperar, y otras actividades que su empleador lo requiere hacer.

Su empleador debe documentar y reportar correctamente cada hora que trabaja y todos los pagos que recibe.

**Es ilegal que alguien le haga daño porque habló con un representante del DOL, participó en una investigación del DOL o habló sobre sus derechos ante la FLSA. Es ilegal que su** empleador tome las siguientes medidas porque ejerció sus derechos de FLSA:

- o Gritarle amenazas a usted;
- o Reducir sus horas de trabajo o la cantidad que gana;
- o Terminarlo o terminar a un colega o familiar que trabaja con usted;
- o Negarse a pagarle por todas las horas que trabaja;
- o Negarse a emplear a usted, o a un familiar suyo;
- o Reportar al gobierno su deportación;
- o Amenazarlo con problemas legales o amenazar con usar al abogado del empleador para hacerle daño;
- o Hacer cualquier otra amenaza o tomar cualquier acción dañina contra usted.

También es ilegal que alguien le obligue a firmar un documento en el que promete decirle a un juez o a cualquier representante del DOL información falsa sobre las horas que trabaja, el pago que recibe o cualquier otra cosa relacionada con sus derechos a la FLSA. Cualquier documento que haya firmado con la promesa de proporcionar información falsa a un juez o a cualquier otra persona no tiene valor legal y no puede usarse en su contra.

**Si ocurre alguna de estas acciones, comuníquese inmediatamente con el DOL al:**
**(866) 487-9243**

EXHIBIT 3

RECORDING REQUESTED BY:
United States Department of Labor
Office of the Solicitor
Attn: Nisha Parekh, Trial Attorney
312 N. Spring Street, Room 720
|Los Angeles, CA  90012-4701

WHEN RECORDED MAIL TO:
United States Department of Labor
Office of the Solicitor
Attn: Nisha Parekh, Trial Attorney
312 N. Spring Street, Room 720
|Los Angeles, CA  90012-4701

*United States Department of Labor v. The Exclusive Poultry Inc., et al.*
Civil Case No. 2:23-cv-08185-MCS-SK

# DEED OF TRUST

This Deed of Trust, made this ____ day of February, 2024, between T. B. LLC, herein called TRUSTOR, whose address is 18681 Pacato Road, La Puente, California 91744, and FIRST AMERICAN TITLE COMPANY, a California Corporation, herein called TRUSTEE, and UNITED STATES DEPARTMENT OF LABOR, herein called BENEFICIARY.

Witnesseth: That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS, AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

ATTACHED HERETO AS EXHIBIT A, excluding paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits,

For the Purpose of Securing payment in the sum of $1,535,193.80 per Consent Judgment filed in *Su v. The Exclusive Poultry, Inc.*, Case No. 2:19-cv-03546-TJH-PLAx (C.D. Cal.), with interest thereon according to the terms of said Consent Judgment herewith made by Trustor payable to order of the Beneficiary, and extensions or renewals thereof.

To Protect the Security of This Deed of Trust, Trustor Agrees:  By the execution and delivery of this Deed of Trust hereby, that provisions (1) to (14), inclusive, excluding (10), of the fictitious deed of trust recorded in Los Angeles County, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Modoc | 184 | 851 | San Diego | | | Solano | 1105 | 182 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Mono | 52 | 429 | Series 2 | 1961 | 183887 | Sonoma | 1851 | 689 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Monterey | 2194 | 538 | San Francisco | A332 | 905 | Stanislaus | 1715 | 456 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Napa | 639 | 86 | San Joaquin | 2470 | 311 | Sutter | 572 | 297 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Nevada | 305 | 320 | San Luis Obispo | 1151 | 12 | Tehama | 401 | 289 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Orange | 5889 | 611 | San Mateo | 4078 | 420 | Trinity | 93 | 366 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Placer | 895 | 301 | Santa Barbara | 1878 | 860 | Tulare | 2294 | 275 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Plumas | 151 | 5 | Santa Clara | 5336 | 341 | Tuolumne | 135 | 47 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Riverside | 3005 | 523 | Santa Cruz | 1431 | 494 | Ventura | 2062 | 386 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Sacramento | 4331 | 62 | Shasta | 684 | 528 | Yolo | 653 | 245 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | San Benito | 271 | 383 | Sierra | 29 | 335 | Yuba | 334 | 486 |
| Humboldt | 657 | 527 | Merced | 1547 | 538 | San Bernardino | 5567 | 61 | Siskiyou | 468 | 181 | | | |

(which provisions identical in all counties, are printed on Exhibit A attached to this form) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that said Trustor will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

_____        _____
Signature of Tony Bran, Owner & CEO, T. B. LLC, Trustor                    Date

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of _____ )

On _____ before me, _____,

NAME                                    TITLE

personally appeared _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _____

## Exhibit 'A'

Exhibit A

**LEGAL DESCRIPTION**

Real property in the unincorporated area of the County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF LOT 4 OF TRACT NO. 3316, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 36, PAGE (S) 39 AND 40 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE SOUTHERLY LINE OF RORIMER STREET, 50 FEET WIDE, WITH THE SOUTHERLY PROLONGATION OF THE WESTERLY LINE OF LOT 2 OF SAID TRACT NO. 3316, SAID POINT BEING DESIGNATED AS POINT "A" FOR PURPOSES OF THIS DESCRIPTION; THENCE SOUTHERLY ALONG SAID PROLONGATION TO A POINT DISTANT THEREON SOUTH 4° 24' 30" WEST 903.40 FEET FROM THE SOUTHWESTERLY CORNER OF SAID LOT 2; THENCE PARALLEL WITH THE NORTHERLY LINE OF SAID LOT 4, SOUTH 78° 59' 30" EAST 52.00 FEET TO THE TRUE POINT OF BEGINNING FOR THIS DESCRIPTION; THENCE NORTHEASTERLY IN A DIRECT LINE TO A POINT IN SAID SOUTHERLY LINE OF RORIMER STREET DISTANT EASTERLY THEREON 71.00 FEET FROM SAID HEREINBEFORE MENTIONED POINT "A"; THENCE EASTERLY ALONG SAID RORIMER STREET TO A POINT DISTANT ALONG SAID SOUTHERLY LINE NORTH 79° 01' 00" WEST 568.44 FEET FROM THE EASTERLY LINE OF SAID LOT 4; THENCE SOUTH 9° 21' 00" WEST TO A LINE PARALLEL WITH THE NORTHERLY LINE OF SAID LOT 4 AND WHICH PASSES THROUGH THE TRUE POINT OF BEGINNING; THENCE ALONG SAID PARALLEL LINE, NORTH 78° 59' 30" WEST TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE SOUTHERLY 20.00 FEET OF THAT PORTION OF LOT 4 TRACT NO. 3316, AS PER MAP RECORDED IN BOOK 36, PAGE(S) 39 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, BOUNDED AS FOLLOWS:

ON THE EAST BY THE EAST LINE OF THE LAND DESCRIBED IN THE DEED TO GLENN R. EAKER AND WIFE, RECORDED ON MAY 31, 1960 AS INSTRUMENT NO. 1143 IN BOOK D-862 PAGE 331, OFFICIAL RECORDS

ON THE SOUTH BY A LINE DRAWN PARALLEL WITH THE NORTHERLY LINE OF SAID LOT 4 AND DISTANT SOUTHERLY 903.40 FEET, MEASURED ALONG THE SOUTHERLY PROLONGATION OF THE EASTERLY LINE OF LOT 3 OF SAID TRACT NO. 3316, AND ON THE WEST BY THE WESTERLY LINE OF SAID LOT 4.

EXCEPT THEREFROM THE "PRECIOUS METALS AND ORES THEREOF" AS EXCEPTED FROM THE PARTITION BETWEEN JOHN ROWLAND SR. AND WILLIAM WORKMAN, IN THE PARTITION DEED RECORDED IN BOOK 10 PAGE 39 OF DEEDS.

APN: **8726-002-014**

## DO NOT RECORD THIS PAGE

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon  and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)  To provide, maintain and deliver to Beneficiary fire, vandalism and malicious mischief insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.

Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(3)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; subject to the mutual agreements of the parties as below set forth, to pay when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, the Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deed necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)  That any award of damages in connection with any condemnation for public use or of injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.  The provisions hereof are subject to the mutual agreements of the parties as below set forth.

(7)  That by accepting payment of any sum secured hereby after its due date, Beneficiary doe not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay.

(8)  That at any time from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)  That upon written request of the Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The guarantee in such reconveyance may be described as "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed unless directed in such request to retain them.

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, an without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed or any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of Title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary  hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and  holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural.

(14)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee  shall be a party unless brought by Trustee.



Signature of Tony Bran, Owner & CEO, T. B. LLC, Trustor                                                      Date